VAUGHAN et al. v. SOUTHWESTERN SURETY INS. CO. (No. 179.)

(Court of Civil Appeals of Texas. Beaumont. May 3, 1917. Rehearing Denied May 23, 1917.)

MASTER AND SERVANT ⬳388 — WORKMEN'S COMPENSATION ACT — "LEGAL BENEFICIARIES"—STATUTES.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5246kk, of the Workmen's Compensation Act, provides that if death should result from injury, the insurance association shall pay the legal beneficiaries of the deceased employé a weekly payment of 60 per cent. of his average weekly wages, etc., provided that the compensation shall be distributed according to the law providing for the distribution of other property of deceased. Article 2461, the Statute of Descent and Distribution, section 3, provides that if there be neither father nor mother, the whole of intestate's estate shall pass to his brothers and sisters and to their descendants. Article 4698, part of the Death Injury Statute, provides that the action shall be for the sole and exclusive benefit of the surviving husband, wife, children, and parents of the person whose death shall have been caused, and that the amount recovered shall not be liable for decedent's debts. Held, that the death injury statute must be looked to as indicating whom the Legislature intended as beneficiaries, under the Workmen's Compensation Act, of an employé, leaving no wife, children, father, or mother, but who had brothers and sisters, the language of article 5246kk indicating that the statute of descent and distribution should merely be the basis for apportionment between the beneficiaries otherwise determined so that the employé's brothers and sisters were not his "legal beneficiaries" within article 5246kk.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit by the Southwestern Surety Insurance Company against F. G. Vaughan, as attorney for Mrs. M. Breen, and others. To review a judgment for plaintiff, defendants appeal. Affirmed.

F. G. Vaughan and Howth & Adams, all of Beaumont, for appellants. Andrews, Streetman, Burns & Logue, of Houston, for appellee.

HIGHTOWER, C. J. This is a suit brought in the district court of Jefferson county, Tex., by the Southwestern Surety Insurance Company, against F. G. Vaughan, as attorney for Mrs. M. Breen, Mrs. George Tuttle, Alfred S. Blood, and Walter M. Blood, and against D. P. Wheat, county judge of Jefferson county, and H. E. Showers and J. B. Synnott, who were justices of peace of precinct No. 1, Jefferson county, and in which suit the plaintiff prayed for and obtained a temporary restraining order against each and all of the defendants, restraining the defendants, F. G. Vaughan, Mrs. M. Breen, Mrs. George Tuttle, Alfred S. Blood, and Walter M. Blood from prosecuting any suit or suits then brought, or bringing any suit or suits and prosecuting same against plaintiff, and restraining the defendants, D. P. Wheat, H. E. Showers, and J. B. Synnott, as judges of their respective courts, from hearing or determining any suit or suits brought or to be brought by said other defendants upon any claim or claims based upon the death of one Ed Blood. Upon the trial of the case, judgment was rendered in favor of the plaintiff, the temporary injunction theretofore granted was perpetuated, and from which judgment respondents have appealed.

The admitted facts are as follows: On about the 13th day of October, 1914, one Ed Blood, who was in the employ of the Merrimac Oil Company, a corporation, and between whom the relationship of master and servant existed, sustained such injuries while in the due course of his employment that he, as a direct result thereof, immediately died. Mrs. M. Breen, Mrs. George Tuttle, Alfred S. Blood, and Walter M. Blood were the brothers and sisters, respectively, of said deceased, Ed Blood. Ed Blood was unmarried at the time, and had no children, and his father and mother are both dead. It was contended, therefore, that under the statute "the legal beneficiaries" of the said Blood were and are Mrs. M. Breen, Mrs. George Tuttle, Alfred S. Blood, and Walter M. Blood. The average weekly wage of said Ed Blood was the sum of $21, 60 per cent. of which was $12.60. At the time of the death of said Ed Blood, the Southwestern Surety Insurance Company had a contract with the Merrimac Oil Company for accidents and injuries to its employés, under the terms and requirements of the "Texas Compensation Law," and the said Merrimac Oil Company came within the class of persons or corporations which had a right

to and whose duty it was to have such insurance. Wherefore it was contended by said claimants that they were the legal beneficiaries under said statute, and were entitled to the sum of $4,536. All of these facts were duly pleaded and were admitted to be true, except as to the construction of the phrase "legal beneficiaries."

It is also agreed by all the parties to this suit, that the only question involved is whether or not brothers and sisters, under the terms and provisions of the "Workmen's Compensation Act," passed by the Thirty-Third Legislature (Acts 33d Leg. c. 179) are entitled to any of its benefits. The question being the construction to be placed upon the words "legal beneficiaries," as used in the statute (article 5246kk, c. 5, Vernon's Sayles' Tex. Civ. St. 1914), which is as follows:

"If death should result from the injury, the association hereinafter created, shall pay to the legal beneficiary of the deceased employé a weekly payment equal to 60 per cent. of his average weekly wages, but not more than $15.00 nor less than $5.00 a week, for a period of 360 weeks from the date of injury; provided, that the compensation herein provided for shall be distributed according to the law providing for the distribution of other property of deceased."

Plaintiff in error contends that the statute of descent and distribution (article 2461, Vernon's Sayles' Tex. Civ. St. 1914), and particularly section 3 thereof, should control, and which provides:

"If there be neither father nor mother, then the whole of such estate shall pass to the brothers and sisters of the intestate, and to their descendants."

Plaintiff further contends that the term or phrase, "legal beneficiary," or beneficiaries, as used in the said article of the statute, known as the "Employers' Liability or Compensation Law," is equivalent to and identical with the term or phrase, "legal heirs," as provided for under said article 2461, and particularly section 3 thereof, above quoted. The defendant in error contends that the meaning of the words "legal beneficiary," or beneficiaries, as used in article 5246kk, is identical with the provisions in article 4698 of Vernon's Sayles' Tex. Civ. St. 1914, same being part of what is known as the "Texas Death Injury Statute," and which is as follows:

"The action shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death shall have been caused, and the amount recovered therein shall not be liable for the debts of the deceased."

Article 5246i of this act abolishes all right of action on account of injury to employés of a subscriber, whether such injury results in death or merely incapacitates the employé, and in case of death the beneficiaries of the deceased are deprived of all right of action, and must look solely to the Texas Employers' Insurance Association. It will be noted that this article uses the phraseology "representatives and beneficiaries of deceased employés" in designating those who are deprived of the

right of action when the employer is a subscriber. Article 5246ii of this act uses the same phraseology in providing that:

"The representatives and beneficiaries of deceased employés who at the time of injury were working for nonsubscribing employers cannot participate in the benefits of said insurance association, but they shall be entitled to bring suits, and may recover judgment against such employers, or any of them, for all damages sustained. * * *"

Article 5246l provides:

"If the deceased employé leaves no legal beneficiaries, or creditors the association shall pay all expenses incident to his last sickness, and in addition a funeral benefit, not to exceed $100.00, provided, where the deceased leaves no beneficiaries as provided herein, but leaves creditors, the association shall be liable to such creditors for an amount not exceeding the amount that would otherwise have been due beneficiaries, which amount paid shall not exceed amount due such creditor or creditors."

It will be noted that in articles 5246i and in 5246ii the same words, "representatives and beneficiaries of the deceased employés," are used. In article 5246i the right of action is taken away, and the "representatives and beneficiaries" are required to look to the insurance association; but in article 5246ii, the right of action of the "representatives or beneficiaries" is specifically reserved, where the employer has not become a subscriber. That the Legislature did not intend to make brothers and sisters "beneficiaries" under this act is most reasonable, when it is considered that prior to the passage of the act brothers and sisters had no right of action to be abolished. Under the "Texas Death Injury Statutes," no right of action existed in favor of brothers and sisters on account of the death of a brother. The only "legal beneficiaries" under the Texas death injury statute are the surviving husband and wife, children, and mother and father, and the statute specifically provides that it shall be for the sole and exclusive benefit of these named beneficiaries; and, in order to say that beneficiaries, under this chapter, include brothers and sisters, it would necessarily follow that article 5246i abolishes a right that did not exist, and that article 5246ii undertakes to create in behalf of brothers and sisters a right which theretofore had never existed.

If the statute of descent and distribution is to be made the test of who are beneficiaries under this chapter, then the mother or father, who depend entirely for their support upon their son would be completely cut off in case the son was married or had children; and we do not believe, considering articles 5246i and 5246ii together, that the Legislature intended to make these statutes mean that a mother or father should be cut out of compensation under such circumstances. Therefore we believe the death injury statute (article 4698) should be looked to as indicating who the Legislature intended as beneficiaries, or the result indicated would neces-

sarily follow. Further than this, the very purpose of this act was and is to make the industries of the state bear a portion, at least, of the hazards of industrial accidents; and to provide in the hour of need for certain ones who were dependent upon the workman who should lose his life; and it is plain that it was not intended that a distant relative of a deceased employé, there being no other nearer of kin, though he might possess great wealth, could come in as a beneficiary, and claim the benefits of this act, and even to the exclusion of the creditors of deceased, for only, as provided, in the event there appears no beneficiary, can the creditors participate. We cannot come to such a conclusion, but would rather attribute to the Legislature the intent to provide for certain ones who would reasonably need assistance, and, if there be none, then to turn the current of compensation to extinguish the debts of the deceased.

It is our opinion that the language used in the latter part of article 5246kk, "provided, that the compensation herein provided for shall be distributed according to the law providing for the distribution of other property of deceased," and which has caused some litigation, was intended that the statute of descent and distribution should merely be the basis for apportionment between the beneficiaries otherwise determined.

In looking to the broad scope and purpose of the act, in order to reach the intent of the Legislature, we feel that it would be more reasonable to hold that the articles of the statute, which specifically allow compensation to those who are deprived of their common-law right of action, should control the language used in article 5246kk, quoted above, which merely was intended to govern the matter of apportionment, and, in the apparent conflict, to adopt the most reasonable construction.

From what we have said, it is apparent that this court is of the opinion that the trial court's judgment is correct, and therefore it will be affirmed.

The foregoing opinion was prepared by Judge A. E. DAVIS, late Associate Justice of this court, just before his death, and the verbiage employed is entirely his own, but the opinion was not filed prior to his death. The present members of the court concur in the result reached by their lamented Brother, and the judgment of the trial court is in all things affirmed.