SOUTHERN SURETY CO. et al. v. MOORE. (No. 207.)

(Court of Civil Appeals of Texas. Beaumont. May 8, 1917.)

MASTER AND SERVANT ⬳388 — WORKMEN'S COMPENSATION ACT — WHO MAY RECOVER — BENEFICIARIES.

Under the Workmen's Compensation and Employers' Liability Act (Acts 33d Leg. c. 179), only the dependent and widowed mother of deceased minor servant was entitled to compensation, where the only other relatives were minor brothers and sisters.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by H. J. Moore, for the benefit of his wife and others, against the Southern Surety Company and others. Judgment for plaintiff in part, and defendants appeal, and plaintiff appeals from so much of the judgment as is adverse to him. Affirmed.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellants. Andrews, Streetman, Burns & Logue, of Houston, for appellee.

HIGHTOWER, C. J. This suit was brought by the plaintiff, H. J. Moore, for the benefit of his wife, Carmelite Moore, and also as next friend, for the benefit of Kelley Smith, Mamie Smith, James Smith, Corinne Moore, Joseph Moore, and Jack Moore, who are minors, against Southwestern Surety Insurance Company and Southern Surety Company, as defendants, to recover a money judgment.

Mrs. Carmelite Moore is the surviving mother, and the above-named minors are the surviving brothers and sisters of Kimmey P. Smith, deceased, who at the time of his decease, on May 10, 1915, was 19 years of age.

The defendants are liability insurance companies doing business in this state in accordance with the act of the Thirty-Third Legislature (chapter 179), known as the Workmen's Compensation Act and Employers' Liability Act, and are authorized to insure payment of compensation to employés who may be injured or killed, as mentioned and provided by said act.

At the time of his death the said Kimmey Smith was an employé of one E. E. Hartford, who had theretofore taken out a policy of insurance covering his employés, with the first-named defendant, which policy was in force and effect at the date of the death of said Kimmey Smith.

The deceased met his death by accident, while engaged in the discharge of the duties of his employment, and after his death the plaintiff duly complied with all the provisions of said policy, and with the provisions of said act, with the view and for the purpose of collecting the amount due, under the terms

of said policy, to the beneficiaries of deceased, as provided by said policy and by said act. Kimmey Smith at the time of his death was unmarried, and his mother and the minor brothers and sisters above named are his nearest of kin, his father having died some time prior. Kimmey Smith was receiving as compensation at the time of his death $9 per week.

Plaintiff claimed in his petition that the mother and brothers and sisters of Kimmey Smith were all entitled to share in the amount due under said policy and the said act of the Legislature, and were beneficiaries of the deceased, Kimmey Smith, as provided and contemplated by said act.

The answers of defendants consisted of a general demurrer and general denial.

The cause was tried before the court without a jury, and judgment was rendered in favor of plaintiff for the benefit of his wife, Carmelite Moore, surviving mother of the deceased, Kimmey Smith, for the sum of $372.60, that amount being 60 per cent. of the weekly earnings of deceased at the time of trial, with interest due up to that time. The trial court denied plaintiff any recovery in behalf of said minors, brothers, and sisters of deceased, on the ground, as stated in his conclusions of law, that the deceased being a minor at the time of his death, and contributing all his earnings to his mother, she alone was entitled to recover.

The defendant Southern Surety Company, while it had no connection with the policy in question originally, assumed all the liabilities of its codefendant subsequent to the issuance of the policy, which explains its connection with this suit.

From the judgment in favor of said sur-viving mother, both defendants have appealed, and from that part of the judgment against the brothers and sisters plaintiff, in his capacity as their next friend, has appealed, and both parties assign errors.

Without again discussing the act of the Thirty-Third Legislature of this state, known as the Workmen's Compensation Act and Employers' Liability Act, we have concluded that the judgment of the trial court in this case was correct in holding that only the mother of deceased was entitled to recover in this cause, and that said brothers and sisters were not entitled to recover. We infer from the language used by the trial court in his conclusions of law that liability to the sisters and brothers was denied by the court on the ground that the deceased was a minor, and that his earnings belonged to his mother. This court holds, however, that a recovery was properly denied the brothers and sisters of the deceased, for the reason that under proper construction of the act above mentioned said brothers and sisters were not beneficiaries of deceased, and therefore were not entitled to recover against defendants in any event. Our reasons for this conclusion will be found in the opinion of this court in the case of F. G. Vaughan et al., Plaintiffs in Error, v. Southwestern Surety Insurance Company et al., Defendants in Error, 195 S. W. 261, decided at the present term, but not yet officially reported. We do not deem it necessary to here add anything further than was said by this court in the case above referred to.

All assignments of error on both sides will therefore be overruled, and the judgment of the lower court will be affirmed; and it is so ordered.