### CATHERINE H. CUNNINGHAM *vs.* SAMUEL P. BLAKE, JR.

Suffolk. November 22, 1876. AMES & ENDICOTT, JJ., absent.

A testator by his will provided " That my whole estate, real and personal, I hereby devise and bequeath to my wife C., in her own name and for her own purposes, with only this condition : That on the marriage of my daughter A. to B., I gave her by deed through him two acres of land considered as good as any I had, and that I wish at the death of my wife C. that she should make an equal division of her estate to such children as shall survive her or their representatives, and out of the portion that shall come to A. to deduct the value of two acres at as high a valuation as any there is, and to let the amount be absorbed in the whole amount to be divided, and to place all the parts in trust for them as many as there shall be; this, of course, is not to interfere with that part of her estate already in trust." His widow made an agreement to mortgage a part of the devised premises, giving a clear title to the same, to the defendant, and, on his failure to perform, brought a bill in equity for specific performance. *Held*, that her title under the will was not so clear as to justify the court in decreeing specific performance..

BILL IN EQUITY, filed September 11, 1876, for specific performance of the following agreement, signed by the plaintiff and defendant: " I, S. P. Blake, Jr., agree to lend Catherine H. Cunningham eight thousand dollars for three years at six and one half per cent., on her note secured by mortgage of the house in which she resides in Dorchester, with about one hundred and twenty-five thousand feet of land. [Here followed a description of the land by metes and bounds.] And I, Catherine H. Cunningham, agree to borrow said sum within two weeks herefrom, and to give said mortgage conveying a clear title to secure the same."

The bill alleged a tender of the note and mortgage, duly executed, to the defendant, and a refusal by him to accept the same on the pretence that the plaintiff had only a life estate in the land described in the agreement, or a fee subject to a trust to devise the same to her children.

The bill also alleged that the mortgage would give the defendant a good title free from all incumbrance or trust, for the premises, described in the agreement and mortgage, are a part of the estate devised to the plaintiff by her late husband, James Cunningham, who died in August, 1872, leaving a will dated August 10, 1870, duly admitted to probate, and in the following words : " That my whole estate, real and personal, I .hereby devise and bequeath to my wife Catherine, in her own name and for her own purposes, with only this condition: That on the marriage of my daughter Catherine to William Gray, Jr., I gave her by deed through him two acres of land considered as good as any I had, and that I wish at the death of my wife Catherine that she should make an equal division of her estate to such children as shall survive her or their representatives, and out of the portion that shall come to Catherine to deduct the value of two acres at as high a valuation as any there is, and to let the amount be absorbed in the whole amount to be divided, and to place all the parts in trust for them as many as there shall be ; this, of course, is not to interfere with that part of her estate already in trust."

That the plaintiff's husband left five children by their marriage, all then beyond their majority : three daughters, the eldest two of whom are married, and two sons, both unmarried

all of whom still survive; that his estate consisted of about five thousand dollars in notes and mortgages, two thousand dollars' worth of household effects, a house in Chelsea of the value of thirty-six hundred dollars, and about nineteen acres of land in Boston, close to the thickly peopled part thereof, on which was his dwelling-house and likewise a small farm cottage; that said nineteen acres included the parcel described in said agreement, and, at the time of the testator's death, was of the value of one hundred and five thousand two hundred dollars; that the land is of great value for building purposes, but little income can now be obtained from it; and that for many years before her husband's death, he leased the said land for farming pur poses, at a rent of about three hundred and fifty dollars.

That for many years before her husband's death, the said three hundred and fifty dollars and the rent of the house in Chelsea and of the farm house constituted nearly all her husband's income, which did not exceed one thousand dollars yearly; but that the expenses of his family were chiefly paid from the income of the estate held in trust 'for the plaintiff under the will of her grandmother, referred to in said will, and which amounted, at the close of her husband's life, to about two thousand dollars yearly, all of which was received and expended by him; that the said nineteen acres of land was and is assessed at a large sum for taxes by the city of Boston, and, for two years preceding the testator's death, the tax levied thereupon was twelve hundred and thirty dollars, but has since increased to seventeen hundred and thirteen dollars, and for the year eighteen hundred and seventy-five was twenty-one hundred dollars; that the entire joint income of the plaintiff and her husband, at the time of the making of his will, was inadequate to the support of his family and the payment of the taxes on said land; but that the testator, from time to time, made sale of small portions of said land, and paid the taxes from the avails thereof, that, after her husband's death, she applied the said five thousand dollars, and all of her income derived from her trust fund, to the payment of the debts of her husband, and to the payment of the taxes, and to the support of her family from year to year; but that her income from all sources has greatly decreased, and since her husband's death her income from all sources has not

been equal to the taxes assessed by the city of Boston, and she has, from time to time, sold parcels of the land, and given deeds of warranty thereof, to pay said taxes, and has likewise borrowed, for that purpose and for the support of her family, the sum of three thousand dollars without security; and that to pay said sum borrowed, and to meet her family expenditures for the current year, and pay said taxes for the current year, she has need of said sum of eight thousand dollars promised to her by the defendant.

That shortly before her husband's decease, her daughter Elizabeth was married, and that her husband immediately thereafter marked out the boundaries of two acres of land upon which her daughter's husband built a house, and said that these two acres were for his daughter Elizabeth; but he died before executing a deed thereof; and the plaintiff executed a deed thereof after his decease, in compliance, as she says, with his wishes; that during the last year of her husband's life, he frequently spoke to the plaintiff about giving to each of his children, on their marriage, two acres of land, that they might have the same amount as his daughter Catherine, mentioned in said will; and that he also often spoke of his land being soon of great value; that it would soon come into the market; and that after his death, she and her family would have plenty.

The defendant demurred for want of equity. The case was heard, on the bill and demurrer, by *Morton*, J., and reserved for the consideration of the full court.

*W. A. Herrick*, for the defendant.

*J. D. Thompson*, for the plaintiff.

BY THE COURT. The testator, by the language which he used, has not so clearly manifested an intention that his widow should take an estate in fee, or an absolute power of disposal, that this court, sitting in equity, can declare that she can make a clear title which the defendant should be specifically compelled to accept, and thereby to assume the risk of litigation with the testator's children, who are not parties to this suit. *Jeffries* v. *Jeffries*, 117 Mass. 184.     *Bill dismissed.*