*F. P. Goulding*, for the defendant.

*T. G. Kent*, for the plaintiff.

BRYAN J. BUTTS *vs.* SAMUEL A. ANDREWS.

Worcester. Oct. 3, 1883. — Jan. 2, 1884. FIELD & W. ALLEN, JJ., absent.

The will of a married woman provided that her husband should "not only have out of my estate what the laws of this Commonwealth prescribe, but the entire use, income, and profits of all my real and personal estate during his natural life; and furthermore, that if in his judgment it shall be necessary to his personal comfort to expend and consume any portion of the principal or capital of my said estate, he may freely appropriate so much thereof, even to the last cent, as may be justly deemed necessary for that purpose; and I do give and bequeath the same to him accordingly;" and further provided that "whatever may be left out of the principal or capital of my estate given to my husband as aforesaid, if anything, after his decease, I leave to be inherited by my paternal relatives and their descendants, as the laws of the land prescribe." *Held*, that the husband's title to land under the will was not so clear as to justify the court in decreeing specific performance of an agreement to buy the land, which stipulated that he should give a clear title thereto.

BILL IN EQUITY, for the specific performance of an agreement to purchase land.

The bill, which was filed July 19, 1883, alleged that, on May 16, 1883, the parties entered into an agreement in writing, by the terms of which the plaintiff agreed to sell, and the defendant agreed to buy, a certain parcel of land in Milford, for the sum of $2500, the premises to be conveyed on or before May 22, 1883, by a good and sufficient warranty deed, conveying a good and clear title to the same, free from all incumbrances; that the plaintiff was seised in fee simple of said premises by devise under the will of his wife, who died on May 5, 1881, leaving real estate of the value of less than $5000, and having no issue living at her decease; that the plaintiff had always been ready and willing to perform his part of said agreement, and, on the day named therein, offered a deed of said premises to the defendant, who

refused to accept the deed and perform his part of the agree-ment, on the ground that the plaintiff could not make a good and marketable title to the premises; and that the plaintiff could make a good title thereto.

The will of the plaintiff's wife, dated May 16, 1868, provided that he should " not only have out of my estate what the laws of this Commonwealth prescribe, but the entire use, income, and profits of all my real and personal estate during his natural life ; and furthermore, that if, in his judgment, it shall be necessary to his personal comfort to expend and consume any portion of the principal or capital of my said estate, he may freely appropriate so much thereof, even to the last cent, as may be justly deemed necessary for that purpose ; and I do give and bequeath the same to him accordingly ; " and also provided that " whatever may be left out of the principal or capital of my estate given to my hus-band as aforesaid, if anything, after his decease, I leave to be inherited by my paternal relatives and their descendants, as the laws of the land prescribe."

The answer admitted the allegations of the bill; but denied that the plaintiff could convey a good title in fee.

The case was heard, on the bill and answer, by *Field*, J., who reserved it for the consideration of the full court.

*H. L. Parker*, for the plaintiff.

*G. G. Parker*, for the defendant.

C. ALLEN, J. The plaintiff's title depends on the construc-tion to be given to the peculiar phraseology of the will; and even if we were inclined to the opinion that he took an estate in fee, still the title is not so clear that the defendant ought to be specifically compelled to accept it, and thus to assume the risk of subsequent litigation with persons not now before the court. The case falls within the decision in *Cunningham* v. *Blake*, 121 Mass. 333. See also *Jeffries* v. *Jeffries*, 117 Mass. 184; *Hayes* v. *Harmony Grove Cemetery*, 108 Mass. 400; *Pyrke* v. *Wadding-ham*, 10 Hare, 1 ; 1 Story Eq. Jur. § 749.          *Bill dismissed.*