LAVINIA E. HUNTING *vs.* CHARLES E. DAMON.

Middlesex.    November 21, 1893. — January 15, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Devise — Specific Performance of Contract to buy Land — Equity.*

A testator, by the first article of his will, gave all his property to his wife in fee;
and provided, in the second article, that, if she should die intestate, "or without
having made other disposition thereof, then all my said estate, or the proceeds
thereof," should go to his brother and sister; and also provided, in the third
article, as follows: "It is my will that, in case my said wife shall remove for
the purpose of permanently residing out of the limits of the United States, or if
she shall remove any considerable portion of my said estate or the proceeds
thereof out of said limits, then all the provisions of this will for her benefit shall
cease to have effect." *Held*, that the construction of the will could not be pro-
nounced to be so free from reasonable doubt that specific performance would
be decreed of a contract to buy land of the testator's widow, whose title thereto
was derived from the will.

BILL IN EQUITY, filed on April 3, 1893, for the specific per-
formance of an agreement to buy land.

The bill alleged that, by an agreement in writing, under seal,
dated March 15, 1893, the plaintiff agreed to sell and convey
certain real estate in Malden to the defendant within ten days

from that date, by a good and sufficient warranty deed, conveying a clear title to the real estate free from all encumbrance, and the defendant agreed to purchase the real estate and to pay to the plaintiff therefor the sum of $1,755.09, of which $100 was to be paid at the date of the agreement, and the remainder by the defendant's note, dated March 17, 1893, payable in six months from date, and secured by a mortgage upon the premises; that afterwards the plaintiff tendered to the defendant a good and sufficient warranty deed of the premises, conveying to him a clear title to the same free from all encumbrance, and duly demanded from him the note and mortgage described in the agreement; that the defendant utterly refused to accept the deed, or to give the note and mortgage as stipulated in the agreement, alleging as the reason for his refusal, that, according to the terms of the will of the plaintiff's deceased husband, she could not convey a clear title to the real estate, or any indefeasible title thereto; that the real estate belonged to the plaintiff's husband, James Hunting, at the time of his decease, and her title thereto and right to convey the same were derived from his will, which was duly admitted to probate, and which, by the first article, gave all his property to his wife in fee, and provided, in the second article, that if she should die intestate, "or without having made other disposition thereof, then all my said estate, or the proceeds thereof," should go to his brother and sister; and also provided, in the third article, as follows: "It is my will that, in case my said wife shall remove for the purpose of permanently residing out of the limits of the United States, or if she shall remove any considerable portion of my said estate or the proceeds thereof out of said limits, then all the provisions of this will for her benefit shall cease to have effect."

The bill further alleged that the plaintiff was duly appointed executrix of the will, and gave bond for the performance of her duties, and also gave due notice thereof, as required by the Probate Court, and that there were no existing debts, claims, or demands against the estate; that she had never removed for the purpose of permanently residing out of the limits of the United States, and had never removed any considerable portion of the estate which was of her husband, or the proceeds thereof, out

of said limits; and that she had no intention or purpose of so doing.

The prayer of the bill was, that it might be decreed that, upon the plaintiff offering or tendering to the defendant a good and sufficient warranty deed of the real estate, the defendant should accept the same, and make and give to her his note for $1,655.09, dated March 17, 1893, payable in six months from its date, and secured by a mortgage upon the premises, as stipulated in the agreement.

Hearing before *Holmes*, J., who ordered a decree for the plaintiff; and the defendant appealed.

*C. D. Adams*, for the defendant.

*W. S. Stearns*, for the plaintiff.

HOLMES, J. There is no doubt that the limitation over in the second article of the will of James Hunting is void. *Kelley* v. *Meins*, 135 Mass. 231. *Damrell* v. *Hartt*, 137 Mass. 218. There seems to be equally little doubt that the shifting clause in the third article is valid. Nevertheless, it well may be that, notwithstanding the liability of the plaintiff's interest in the fund to forfeiture, she has the power to give a good title to any specific property in her hands, and that the condition will attach to the proceeds in place of the property sold. Such a disposition is familiar to the law. *Hemhauser* v. *Decker*, 11 Stew. 426. Gray, Perpetuities, § 268. There is a strong argument that the words "without having made other disposition thereof" in the second article, and the words "or the proceeds thereof" in that article and also in the third, imply a power to sell which would be maimed and futile, and not at all what the testator meant if limited to such defeasible title as the plaintiff has. See *Johnson* v. *Battelle*, 125 Mass. 453; *Paine* v. *Barnes*, 100 Mass. 470, 471; *Harris* v. *Knapp*, 21 Pick. 412, 416; *Shaw* v. *Hussey*, 41 Maine, 495, 500; *Burleigh* v. *Clough*, 52 N. H. 267; *Clark* v. *Middlesworth*, 82 Ind. 240; *Henderson* v. *Blackburn*, 104 Ill. 227, 232; *In re Oertle*, 34 Minn. 173; Jarm. Wills, (Bigelow's ed.) 378, note; 11 Stew. 427, note. But against this view it may be argued that the power of disposition in the plaintiff assumed by the testator is assumed to be incident to the estate devised, not a new power superadded by the words quoted; *Damrell* v. *Hartt*, 137 Mass. 218, 220; and that if the plaintiff can sell only by virtue

'of her ownership, the purchaser will get no better title than she has. Some cases, as to which we express no opinion, have gone far in this direction. *Giles* v. *Little*, 104 U. S. 291. Compare *Little* v. *Giles*, 25 Neb. 313. See *Kaufman* v. *Breckinridge*, 117 Ill. 305, 313.

Although a decision of this court upon the point would be authority, if the question subsequently should be raised by persons not now before the court, it would not be *res judicata*, and the practice of the court has been not to decree specific performance if there is a reasonable doubt on the construction of the instrument on which the plaintiff's title depends, and if there are persons not parties who would have a right to dispute the defendant's title. *Butts* v. *Andrews*, 136 Mass. 221. *Cunningham* v. *Blake*, 121 Mass. 333. Compare Fry on Spec. Perf. §§ 889, 890. We cannot pronounce the construction of James Hunting's will to be free from reasonable doubt, and although the ultimate devisees could not dispute the defendant's title unless the plaintiff should do the acts specified in the third article of the will, in that case they could do so, so that a purchaser would assume the risk of litigation. The principle of the Massachusetts decisions applies.                                    *Bill dismissed.*