MARY J. CUSHING & others *vs.* HENRY E. SPALDING & others.

Suffolk. March 27, 1895. — September 9, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Void Condition against Alienation — Statute of Uses — Appointment of Trustee — Residuary Clause.*

A testator by will gave all his real and personal estate to his nephew in trust for the benefit of his insane daughter, the same to be conveyed to her if her reason was restored and to pass by her will, but if she died intestate to pass by the testator's will as follows : " four undivided fifth parts of the same rest and residue of my real estate " to the nephew, " in trust for the use and benefit of his brothers and sisters and their respective heirs, namely : W., B., M., wife of I., and S.; but said rest and residue of my real estate is to be holden upon the condition that the fee simple in the same shall never be sold, but the same be built upon or continue to be used as a farm." After giving numerous legacies, the will concluded with the provision that the residue of the real and personal estate remaining after the decease of the daughter intestate should go to the testator's nephews and nieces and others. The testator died during the life of the daughter, who died during the lives of the other beneficiaries, and the nephew died without having qualified as trustee before the filing of the plaintiff's bill to compel specific performance of an agreement to purchase a portion of the real estate. *Held*, that the condition against alienation was void, and that the provision as to building upon the real estate or continuing to use it as a farm formed part of the condition ; that the trustee took the estate for the use and benefit of the devisees and the statute of uses immediately executed the use in them except as to M., who, being a married woman, took an equitable estate in fee simple during coverture, and upon the death of the husband the trust terminated, and the statute executed the use in her so as to give her the legal estate ; that the appointment of a trustee was not necessary, and that the real estate in question was not included in the last residuary clause.

BILL IN EQUITY, filed January 30, 1895, by Mary J. Cushing, Sarah C. Cushing, and Frances R. Cushing, the first two being

widows, to compel specific performance of an agreement in writing, dated December 3, 1894, to purchase three undivided fourths of certain real estate. Hearing before *Lathrop*, J., on the bill, answer, and replication, the facts set forth in the replication being admitted by the defendant, in substance as follows.

By her will Mary Cushing gave all her real and personal estate to her nephew Samuel T. Cushing, in trust, to apply the net income thereof to the use and support of her daughter Sarah, an insane person, and, if insufficient, to appropriate any part of the principal for the purpose. If the appointment of a new trustee should become necessary, the Judge of Probate for the county was to select a suitable person for the position; and if at any time the *cestui que trust* became of sound mind, the trustee, upon her request, was to convey to her the entire estate so held in trust, " the same to be holden and used by her as her own property, and upon her decease to pass and be distributed as she may, by her last will and testament, direct; but if she should die intestate, leaving no legal or valid last will and testament, then to pass and be distributed according to the terms and provisions of this my last will and testament as hereinafter expressed."

The will further provided that, upon the decease of the *cestui que trust* intestate, the real and personal property, whether still held in trust or having been conveyed to the said Sarah, should go as follows. Certain real and personal estate was given to the nephew absolutely, and then came the following provision : " I also give to my said nephew, Samuel T. Cushing, and his heirs forever, one undivided fifth part of all the rest and residue of my real estate (except my land at Whitehead in said Hull). I also give the said Samuel four undivided fifth parts of the same rest and residue of my real estate (except my land at Whitehead aforesaid) ; to be held by him in trust for the use and benefit of his brothers and sisters and their respective heirs, namely, William L. Cushing, Benjamin Cushing, Mary Jane Cushing, wife of Isaac Cushing, and Sarah Abby Cushing; but said rest and residue of my real estate is to be holden upon the condition that the fee simple in the same shall never be sold, but the same be built upon or continue to be used as a farm."

After giving numerous legacies, mostly pecuniary, the will

provided that the executors should sell the testator's land at Whitehead, the proceeds to be paid to the trustee and to be held by him for Sarah under the first-named trust, and the will then concluded as follows: " All the rest and residue of my real and personal estate of every description which shall remain after the decease of my daughter, if the same shall not have been disposed of by my daughter by a last will and testament, I give to my nephews and nieces and to the nephews and nieces of my late husband, whose names have been herein mentioned, and who shall be living at the decease of my said daughter, share and share alike."

The bill alleged that the plaintiffs seasonably offered to convey the real estate to the defendants by a good and sufficient quitclaim deed conveying a good and clear title, which the defendants refused to accept.

The answer alleged that the testatrix died during the life of her daughter Sarah Cushing, who died during the lives of the other beneficiaries above mentioned; that Samuel T. Cushing died before the filing of the plaintiffs' bill, never having qualified as trustee under the will; and that the plaintiffs could not convey a good and clear title to the real estate, for the reasons that there should be a trustee appointed as successor to Samuel T. Cushing to make a valid conveyance; that the real estate was held by Samuel T. Cushing, and by Samuel T. Cushing as trustee, upon a condition inconsistent with a good and clear title; and that under the will it was uncertain whether, upon the death of the daughter Sarah Cushing, said Samuel T. Cushing for himself, and as trustee for William L. Cushing, Benjamin Cushing, Mary Jane Cushing, and Sarah Abby Cushing, took the title to the real estate, or whether the nephews and nieces of the testatrix and of her deceased husband took the title thereto.

The replication admitted the first allegations in the defendants' answer, but denied that the defendants' title was defective, and alleged that before filing the bill they offered to secure the appointment of a trustee to convey the title, although not admitting its necessity, and were still willing so to do.

Such decree was to be entered as justice and equity might require.

*F. L. Hayes*, for the plaintiffs.

*W. S. Pinkham*, for the defendants.

MORTON, J. The condition against alienation was clearly void. *Hawley* v. *Northampton*, 8 Mass. 3, 37. *Gleason* v. *Fayerweather*, 4 Gray, 348, 353. *Todd* v. *Sawyer*, 147 Mass. 570, 571. *Winsor* v. *Mills*, 157 Mass. 362. The provision in regard to building upon the real estate, or continuing to use it as a farm, forms part of the condition. The testatrix attempts to mitigate the condition against alienation by providing that, though the estate shall not be sold, it may be used by the devisees for building and farming.

The restraint upon alienation being void, the trustee took the estate simply for the use and benefit of the devisees, and the statute of uses immediately executed the use in them, except as to Mary Jane Cushing, who, being a married woman, took an equitable estate in fee simple during coverture. Upon the death of her husband the trust terminated, and the statute executed the use in her so as to give her the legal estate. *Richardson* v. *Stodder*, 100 Mass. 528. *Moore* v. *Stinson*, 144 Mass. 594, 595, 596. The appointment of a trustee does not appear to be necessary.

It is clear that the rest and residue referred to in the concluding paragraph of the will means so much of the estate as would remain undisposed of under the previous conditions of the will if the daughter should recover and the estate should be conveyed to her and she should die intestate, or so much as would remain undisposed of if the daughter should continue of unsound mind till death. In either of these contingencies the real estate in controversy is disposed of by the will, and the latter contingency is the one that has happened.

It is only when there is a fairly reasonable doubt as to the construction of the instrument on which the title of the plaintiff depends, that a court will be justified in refusing specific performance on account of the absence of parties who would have a right to dispute the defendant's title. *Cunningham* v. *Blake*, 121 Mass. 333. *Butts* v. *Andrews*, 136 Mass. 221. *Hunting* v. *Damon*, 160 Mass. 441. Otherwise, the mere fact of possible litigation would be sufficient to bar a right to specific performance. We see no valid ground for questioning the plaintiffs' title in this case.

*Decree for the plaintiffs.*