**CROWLEY et al. v. O'NEIL.**

(Court of Appeals of District of Columbia. Submitted February 15, 1921. Decided March 7, 1921.)

No. 3458.

1. **Judicial sales** ⊝⇒27 (1)—**Purchaser not required to take title based in part on adverse possession.**

Where the auctioneer appointed by the trial court to sell real estate cried a good record title as to each piece of property described in the offer of sale, a title to a portion of one of the tracts, not good of record, but sound through the operation of adverse possession, is not the title which was paid for by the purchaser.

⊝⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Vendor and purchaser ⬤⟶130(2)—Purchaser not required to take risk of title litigation.**

A purchaser is not bound to accept the risk of litigation with respect to a title which was represented to him as free from flaw.

**3. Judicial sales ⬤⟶27(1)—Purchaser relieved from bid or doubt as to title to portion.**

The purchaser will be released from a bid made at a sale conducted by an auctioneer appointed by the court, where there was substantial doubt as to the title to a portion of the property for which the bid was made, the court, in proceedings to compel him to take the property, not undertaking to determine the validity of such a title.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by Margaret A. Crowley and others against Frank O'Neil to compel the latter to complete his purchase of property sold at public auction by an auctioneer appointed by the trial court. From a decree releasing the purchaser from his bid, the property owners appeal. Affirmed.

J. E. Padgett, of Washington, D. C., for appellants.

Chapin Brown and C. B. Bauman, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. William H. Manogue was appointed by the trial court to sell at public auction two pieces of real estate located in old Georgetown. The property was bid in by Frank A. O'Neil, the appellee, who refused to complete the purchase, claiming that the title was defective. After a hearing the court sustained his contention and released him from his bid. The owners of the property appealed.

The description of the property as given in the record is long. We do not think it necessary to copy it here. It is sufficient to say that one piece faces on Thirty-Sixth street and the other on Wisconsin avenue.

The auctioneer cried a good record title as to each piece. The Thirty-Sixth street property was described in the offer of sale as having a frontage of 35 feet. According to the evidence there is serious doubt as to whether it contains a frontage of more than 32 feet. Appellants insist that it does, but the appellee denies it, and there is support in the record for his denial.

[1] As to the Wisconsin avenue property appellants admit that the title to the west 3 feet is not good of record, but insist that it is sound through the operation of adverse possession. This, however, is not the kind of title which was offered for sale and which was bid for by O'Neil.

[2] It may be that appellants can establish that they have a good title to both of the pieces in dispute; but a lawsuit, in which all the parties interested in the land would be before the court, is necessary to determine that. Such a suit might result in a holding against the sellers—that somebody else owned the land. A purchaser is not bound to accept the risk of litigation with respect to a title which was represented to him as free from flaw. McCaffrey v. Little, 20 App. D. C.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

116, 121, and cases there cited. To compel him to do so would be to require him, in the language of the Supreme Court of the United States, "to take a lawsuit, instead of the land for which he contracted." Bank of Columbia v. Hagner, 1 Pet. 455, 468 (7 L. Ed. 219).

[3] A long time ago it was the practice in chancery in a proceeding like this to decide either for or against the validity of the title, and either to compel the purchaser to take it as good or to dismiss the bill on the score of its being bad. Fry on Specific Performance (3d Ed.) § 860 et seq. But that is no longer the rule. Now the practice is to release the purchaser from his bid, where, as here, there is a substantial doubt concerning the validity of the title. Butts v. Andrews, 136 Mass. 221; Spring v. Sandford, 7 Paige (N. Y.) ch. 550; Hepburn v. Auld, 5 Cranch, 262, 3 L. Ed. 96; Bank of Columbia v. Hagner, supra.

For the reasons given, the decree of the lower court is affirmed, with costs.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.