## NICHOLSON v. WHYTE et al. (No. 8603.)

(Court of Civil Appeals·of Texas. Dallas. Dec. 24, 1921. Rehearing Denied . Jan. 21, 1922.)

1. Evidence &#9756;506—Vendor and purchaser &#9756;140—Abstract alone to be looked to to determine validity of title; an attorney's opinion as to character of title shown by an abstract held inadmissible.

The abstract of title furnished by vendor must be looked to by the court to determine whether the contract as to the clear and merchantable character of title has been complied with, and it is not error to exclude an attorney's testimony as to his opinion thereon,·as his opinion cannot be substituted for the court's judgment.

2. Vendor and purchaser &#9756;130(4)—Devisee and independent executrix held incapable of conveying a merchantable title.

Where testator gave all real, personal, and mixed property to his wife for life, to be used, enjoyed, and consumed, any remainder at her death to be divided between his children, or, if any of them died before the wife, their children to· share per stirpes, *held*, that the independent executrix could not alone convey a merchantable title to testator's real estate.

3. Vendor and purchaser &#9756;78—Time held of essence of contract.

A contract by which vendor was to deliver possession by May 1, and to deliver the property with good and sufficient warranty deed within 30 days from April 13, date of contract, the vendor to be given not exceeding 30 days from discovery of any defect in title to cure same, *held* to make time of the essence.

Appeal from Dallas County Court at Law; T. A. Work, Judge.

Action by A. R. Nicholson against Mrs. Wm. C. Whyte and others. Judgment for defendants,·and plaintiff appeals. Reversed and rendered.

Emmett Thurman, Lyle Saxon,. John C. Read, and W. Hughes Knight, all of Dallas, for appellant.

Muse & Muse and Geo. A. Titterington, all of Dallas, for appellees..

VAUGHAN, J. Appellant and Mrs. Wm. C. Whyte, one of the appellees, on the 13th day of April, A. D. 1920, entered into and became obligated by the terms and provisions of the following contract in writing:

"That the undersigned agents, representing Mrs. William C. Whyte, of Dallas county, state of Texas, have this day contracted to sell to A. R. Nicholson of the aforesaid state and county, certain real estate described as follows: [Here follows description of property, which is omitted.]

"The said Mrs. William C. Whyte agrees to deliver the above-described property with good' and sufficient warranty deed within thirty days

---

&#9756;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from date of this contract at price of $8,250.00, which the said A. R. Nicholson agrees to pay as follows:

"Two thousand ($2,000.00) dollars cash, and three V. L. notes aggregating $6,250.00. First note for $2,250.00 payable one year after date, second note for $2,000.00 payable two years after its date, and the third note for $2,000.00 payable three years after its date. Each note to bear eight per cent. interest payable semi-annually as it accrues. Said notes to be secured by deed of trust duly executed by the purchaser.

"The said Mrs. William C. Whyte further agrees to furnish purchaser with a complete abstract brought down to date showing a clear and merchantable title to the property she is selling. All back taxes, if any, shall be paid by the seller, and the taxes for 1920 shall be prorated and fire insurance shall also be prorated. Should any defect appear in the abstract of title, said Mrs. William C. Whyte shall be allowed a reasonable time to cure same, not exceeding thirty days from discovery of same.

"To further bind this contract, the said A. R. Nicholson pays to the said agents the sum of $500.00 to apply as part on the above-named property. It is understood, however, that if the said A. R. Nicholson does not get a good and proper deed to said property, the said $500.00 paid shall be returned to him, but should he fail to comply with his part of this contract, he shall forfeit the $500.00 as damages and the $500.00 divided equally between the agents and owner. On the completion of this sale and is agreed and understood that the said Mrs. William C. Whyte shall pay said agents the usual 5 per cent. commission. Possession of the property is to be had by the purchaser on or before May 1, 1920."

Appellee, Mrs. Whyte, within the time limit of the contract, furnished appellant with complete abstract brought down to date showing good title to the property contracted to be conveyed in the estate of Wm. C. Whyte, deceased, including the due probate of his will. Immediately upon receiving such abstract of title, appellant delivered same to his attorney for examination, and, on the 5th day of May, 1920, received from his attorney an opinion as to the title based on said abstract, which questioned the right of appellee, Mrs. Whyte, to convey a "clear merchantable" title by deed of conveyance executed by her individually and as independent executrix of the estate of Wm. C. Whyte, deceased, on the ground that the will of Wm. C. Whyte, deceased, did not confer upon appellee Mrs. Whyte the power and authority to execute such conveyance. Whereupon appellant informed appellee Mrs. Whyte that he would not accept a conveyance so executed by her. Later, on, to wit, about May 6, 1920, appellant advised appellees that he would accept a proper deed of conveyance signed and acknowledged by appellee Mrs. Whyte and her children; on the 8th day of June, 1920, appellees tendered to appellant a deed proper-

ly executed by appellee Mrs. Whyte and her children, which, if accepted by appellant, would have vested in him a "clear and merchantable title" to the real estate described in said deed. This tender was made three days after the time limit of the contract in which deed of conveyance was to be executed and delivered to appellant. At the time said contract for the purchase of said real estate was executed, appellant, under the terms of same, deposited with appellees the sum of $500; he refused to accept the deed thus tendered, and demanded return of the $500 deposit, which request was refused. Whereupon suit was brought by appellant, which resulted in a judgment in favor of appellees on the trial before the court without a jury.

[1] Appellant sought to prove by Mr. C. M. Crumbaugh that he was a practicing attorney, and had examined a great many abstracts of title to real estate; that he was from experience and training qualified to pass on and to render opinions as to title to real estate; that he did examine the abstract of title to the real estate described in the contract between appellant and appellee Mrs. Whyte, and that he found and pointed out certain objections to said title, to wit, that under the will of Wm. C. Whyte, deceased, a deed executed by appellee Mrs. Wm. C. Whyte, individually and as independent executrix under said will, would not convey title to real estate belonging to said estate. Objection to the introduction of said testimony was made by appellees on the ground that same was immaterial, which was sustained by the court.

The court did not err in excluding this testimony, as the abstract of title furnished by the seller must be looked to by the court to determine whether or not the contract with reference to the character of title to be conveyed has been complied with, and the opinion of an attorney, be he ever so capable to speak with reference to the propositions of law involved, cannot be substituted for the judgment of the court in passing upon the character of title tendered by the seller to the purchaser as reflected by the abstract of title furnished. Whether or not a title, or any particular character of title contracted for, to real estate is shown by an abstract is a mixed question of law and fact; the court to gather the facts from the abstract of title as furnished and apply the law as the judgment of the court the same as in any other question before the court for judicial determination. Brackenridge v. Claridge & Payne, 91 Tex. 534, 44 S. W. 819, 43 L. R. A. 593; Moser v. Tucker, 195 S. W. 261.

[2] As to whether or not a deed only executed by the appellee, Mrs. Whyte, individually and as independent executrix under the will of Wm. C. Whyte, deceased, would have vested title to the real estate contract-

ed for in appellant necessarily involves the legal effect of the following provisions of the will of Wm. C. Whyte, deceased:

"(1) I hereby will and bequeath to my wife, Christina Whyte, all of my property, real, personal and mixed, to be by her held, used, enjoyed and consumed during her natural life, as to her may seem best. (2) If any of my property should remain in the hands of my wife at the time of her death, the same shall thereupon be. divided between my children Arabella Whyte, Christina Forrester and John F. Whyte. (3) If any of my said children should die before the death of my said wife, then the part that would otherwise descend to said deceased child shall descend to and vest in the child or children of said deceased child."

We are inclined to the opinion, notwithstanding the authorities cited in appellees' brief, which we have carefully examined, to hold under the following authorities that the power and authority were not conferred by said will on the independent executrix therein named, appellee, Mrs. Whyte, to convey the title to real estate belonging to the estate of the testator, Wm. C. Whyte, deceased:

Butts v. Andrews, 136 Mass. 221, which of the cases examined is more in point, involving expressions similar to those found in the will in the instant case, especially as to the word "consume" used in both wills. We therefore quote from the opinion, as follows:

"Bill in equity, for the specific performance of an agreement to purchase land. The bill, which was filed July 19, 1883, alleged that, on May 16, 1883, the parties entered into an agreement in writing, by the terms of which the plaintiff agreed to sell, and the defendant agreed to buy, a certain parcel of land in Milford, for the sum of $2,500, the premises to be conveyed on or before May 22, 1883, by a good and sufficient warranty deed, conveying a good and clear title to the same, free from all incumbrances; that the plaintiff was seized in fee simple of said premises by devise under the will of his wife, who died on May 5, 1881, leaving real estate of the value of less than $5,000, and having no issue living at her decease; that the plaintiff had always been ready and willing to perform his part of said agreement, and, on the day named therein, offered a deed of said premises to the defendant, who refused to accept the deed and perform his part of the agreement, on the ground that the plaintiff could not make a good and marketable title to the premises; and that the plaintiff could make a good title thereto.

"The will of the plaintiff's wife, dated May 16, 1868, provided that he should, 'not only have out of my estate what the laws of the commonwealth prescribe, but the entire use, income, and profits of all my real and personal estate during his natural life; and furthermore, that if, in his judgment, it should be necessary to his personal comfort to expend and consume any portion of the principal or capital of my said estate, he may freely appropriate so much thereof, even to the last cent, as may be justly deemed necessary for that purpose; and

I do give and bequeath the same to him accordingly;' and also provided that 'whatever may be left out of the principal or capital of my estate given to my husband as aforesaid, if anything, after his decease, I leave to be inherited by my paternal relatives and their descendants, as the laws of the land prescribe.'

"The answer admitted the allegations of the bill; but denied that the plaintiff could convey a good title in fee. * * *

"The plaintiff's title depends on the construction to be given to the peculiar phraseology of the will; and, even if we were inclined to the opinion that he took an estate in fee, still the title is not so clear that the defendant ought to be specifically compelled to accept it, and thus to assume the risk of subsequent litigation with persons not now before the court. The case falls within the decision in Cunningham v. Blake, 121 Mass. 333. See, also, Jeffries v. Jeffries, 117 Mass. 184; Hayes v. Harmony Grove Cemetery, 108 Mass. 400; Pyrke v. Waddingham, 10 Hare, 1; 1 Story, Eq. Jur. § 749."

However, it is not necessary for us to determine this question in order to dispose of the appeal, as the particular question whether Mrs. Whyte, individually and as independent executrix, in fact had the legal power to sell the property cannot be decisive of the issue presented; but the controlling question as to this feature is, Did the abstract furnished by her show a clear, merchantable title to the property she had contracted to sell appellant? That doubt and uncertainty as to the authority of Mrs. Whyte to sell must of a necessity exist by the terms of the will under which she claims the authority to convey the title to the estate as independent executrix, it is only necessary to refer to the following authorities: McMurry v. Stanley, 69 Tex. 235, 6 S. W. 412; Craig v. McFadden, 191 S. W. 204. Therefore it cannot be said that a conveyance executed alone by Mrs. Whyte as independent executrix and beneficiary would have been sufficient to convey to appellant the title to the property contracted to be purchased by him, reasonably free from uncertainty, and that by refusing to accept a questionable title appellant breached the contract obligating him to accept a "clear and merchantable title." Adkins v. Gillespie, 189 S. W. 275; Moore v. Price, 46 Tex. Civ. App. 304, 103 S. W. 234; Greer v. International Stock Yards Co., 43 Tex. Civ. App. 370, 96 S. W. 79; Roberts & Corley v. McFadden, Weiss & Kyle, 32 Tex. Civ. App. 47, 74 S. W. 105; Butts v. Andrews, 136 Mass. 221; Rice et al v. Fields et al. (Ky.) 232 S. W. 385.

With reference to the deed that Mrs. Whyte, individually and as independent executrix, offered to execute within the time limit of the contract, which appellant refused to accept and upon which refusal appellees base their right to recover the $500

deposit, the only question involved is, not whether Mrs. Whyte individually, and as independent executrix, in fact had the legal power to sell and convey the property as might be finally judicially determined, but the controlling question is whether a clear, merchantable title was shown by the abstract of title and deed of conveyance tendered or offered to be executed to appellant. Adkins v. Gillespie, 189 S. W. 275; Hymers v. Branch, 6 Mo. App. 511; Richard v. Knight, 64 N. J. Eq. 196, 53 Atl. 452.

[3] This brings us to consider the last and most vexing question presented by this appeal, to wit, whether or not time was of the essence of the contract under discussion. To determine this we must look solely to the language employed by the parties. It is our duty to only give force and effect to the contract as made, and not to attempt to interpret the contract by extraneous statements, acts, or conduct; for, if by the terms of the contract the parties did not intend that the time limit should comprehend all of the latitude within which the performance of the obligation should be consummated, then a performance within a reasonable time would be a timely discharge so as to prevent a breach. The controlling expressions in reference to the time of performance as revealed by the contract are as follows:

"(a) The said Mrs. Wm. C. Whyte agrees to deliver the above-described property with a good and sufficient warranty deed within thirty days from date of this contract; (b) to furnish purchaser with a complete abstract brought down to date showing a clear and merchantable title to property she is selling; * * * should any defect appear in the abstract of title, said Mrs. Wm. C. Whyte shall be allowed a reasonable time to cure same, not exceeding thirty days from discovery of same; (c) possession of the property is to be had by the purchaser on or before May 1, 1920."

The transaction involved the sale of improved real estate located in Dallas, Tex. The seller contracted to deliver possession of the property before May 1, 1920, notwithstanding she contracted to deliver the property with good and sufficient warranty deed within 30 days from date of contract, to wit, April 13, 1920; and to further safeguard the interest, not only of the seller, Mrs. Whyte, but of the purchaser, appellant, the contract provides that, if any defect should appear in the title, a reasonable time should be allowed to cure same. This "reasonable time" is absolutely fixed by the provision, "not exceeding thirty days from discovery of same."

From the above, we think it would be placing a forced construction on the plain language of the contract not to hold that time is the essence of the contract, and that the parties left no doubt as their purpose to so make the language of the contract declare. Kirchoff v. Voss, 67 Tex. 321, 3 S. W. 548; Davis v. Fant, 93 S. W. 193; Lieber v. Nicholson et al. (Com. App.) 206 S. W. 512; Hollifield v. Landrum et al., 31 Tex. Civ. App. 187, 71 S. W. 979; Davenport v. Sparkman (Com. App.) 208 S. W. 658; Runnells v. Pruitt, 204 S. W. 1017; 1 Beach on Contracts, p. 743, § 616.

We therefore hold that the deed executed by appellee, Mrs. Whyte, individually and as independent executrix, joined by her children, tendered to the appellant 3 days after the time limit of the contract had expired, was not a compliance with the terms of the contract, not being tendered within the time limit, and that appellant's refusal to accept same was not a breach of said contract to purchase, forfeiting his right to recover the deposit of $500 made by him with appellees. The judgment of the court below will therefore be reversed and here rendered in favor of appellant against appellees for said sum of $500, with interest thereon from the 8th day of June, 1920, at the rate of 6 per cent. per annum, together with all costs incurred in this court and the court below.

Reversed and rendered.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes