GRANVILLE S. STANDISH vs. CHARLES D. HEATON AND
ALICE HEATON.

MARCH 5, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Principal and Agent. Evidence.*

Statements of a supposed agent cannot be introduced in testimony until some testimony has been introduced tending to prove his agency.

*(2) Evidence. Opinion of Expert.*

It was not error to exclude evidence of real estate expert as to his opinion on questions of law relating to effect of restrictions in defendant's title deed, as questions of law are to be decided by the court.

*(3) Evidence. Opinion of Expert. Title.*

The opinion of an attorney who has examined a title that it is good, is inadmissible to show a valid title.

*(4) Title. Restrictions. Contract to Convey.*

Under an agreement to convey land by warranty deed, building restrictions and other limitations upon the use of the land would prevent the giving of a perfect title, and purchaser would be entitled to the return of the money paid on account of the purchase price.

ASSUMPSIT. Heard on exceptions of defendant and overruled.

SWEENEY, J. This action of assumpsit was originally brought in a district court. After trial and decision for the plaintiff the defendants claimed a jury trial. The declaration contains only the money counts and the bill of particulars states that the action is brought to recover $100.00 received by the defendants May 10, 1922. The defendants filed a special plea in the Superior Court stating that they received $100.00 from the plaintiff on or about May 10, 1922, as part of the consideration for the sale of some land by them to the plaintiff; that May 17, 1922 the plaintiff duly rescinded the contract to purchase said land and demanded the return of said $100.00; that his rescission was based upon the ground that the defendants were unable to give a perfect title or a good title to said land, free from incumbrances, on account of certain building restrictions imposed upon it; that at and before the time of his agree-

ment to purchase said land he was fully cognizant of said restrictions and was neither deceived nor misled by reason of the omission of said restrictions from the contract to purchase, and claimed that the plaintiff was not justified in rescinding said contract to purchase on account of said restrictions.

At the close of the testimony the trial justice directed a verdict for the plaintiff, and denied the motion of the defendants for a direction of a verdict in their favor, and the case is now before this court upon the defendants' bill of exceptions.

The plaintiff testified that he wished to purchase the land, if there were no restrictions upon its use, and that he paid his agent, a Mr. Mason, one hundred dollars on account of purchase price. He introduced in evidence two agreements, dated respectively May 9 and 10, 1922, signed by the defendants in which they acknowledged the receipt of $100.00 from him and agreed to convey the land to him. In each agreement defendants agreed to convey the land by "warranty deed" and the second agreement states, among other things, that the title is to be perfect. After the agreements were signed the plaintiff caused the title to the land to be examined, and being advised that there were building and other restrictions upon it he notified the defendants that he rescinded the contract and demanded the return of the $100.00 paid. He also testified that at the time the agreement was signed he did not know of the building restrictions upon the land, and there is no testimony to contradict him in this particular.

The defendants testified that they signed the agreement to sell the land to the plaintiff May 9, 1922 at the request of a Mr. Fitzpatrick and received $100.00 from him; that he came to see them the next day with another agreement and that they signed it upon his statement that it was the same as the first one. Defendants claim that Mr. Fitzpatrick was the agent of the plaintiff and press their exception to the refusal of the trial justice to permit them to tell what

Mr. Fitzpatrick said to them at the time they made the agreement with him to sell the land to the plaintiff. The defendants take nothing by this exception as there is no testimony to show that Mr. Fitzpatrick was the agent of the plaintiff. It is settled law that the statements of the supposed agent cannot be introduced in testimony until some testimony has been introduced tending to prove his agency. *Paulton* v. *Keith*, 23 R. I. 164; *Cranston Print Works Co.* v. *A. T. & T. Co.*, 43 R. I. 88; *Geremia* v. *Targlianetti*, 45 R. I. 197.

Defendants claim an exception to the refusal of the trial justice to permit an attorney-at-law, who specialized in real estate conveyancing and examination of titles, to give his opinion on questions of law relating to the effect of the restrictions in the defendants' title deed. There is no merit in this exception, as questions of law are to be decided by the court and the opinion of a witness on such questions is immaterial and inadmissible. The opinion of an attorney who has examined a title, that it is good, is inadmissible to show a valid title. *Scott & Woodruff* v. *Hughes* (W. Va.), 66 S. E. Rep. 737. See also *Billick* v. *Davenport* (Ia.), 145 N. W. Rep. 470; *Nicholson* v. *Whyte*, (Tex.) 236 S. W. Rep. 770.

The defendants also claim that it was error for the trial justice not to direct a verdict for them instead of for the plaintiff. The evidence proves that the defendants agreed to convey the land to the plaintiff by warranty deed and to give a perfect title thereto. Defendants' title deed shows that the land is subject to building restrictions and other limitations upon its use. The defendants could not give a warranty deed of said land free from said building and other restrictions and, therefore, could not convey by warranty deed a perfect title to said land. The defendants being unable to perform their part of the agreement could not hold the money paid to them by the plaintiff on account of the purchase price of the land. There was no error in the action of the trial justice in directing a verdict for the

plaintiff and in refusing to direct a verdict for the defendants.

All of the defendants' exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.