WILLIAM L. SMITH *vs.* RENA WHEELOCK MACALISTER
& another.

Middlesex.    November 21, 1972. — December 29, 1972.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Equity Jurisdiction,* Specific performance. *Equity Pleading and Practice,* Parties. *Damages,* Counsel fees.

In a suit in equity seeking specific performance by the defendant of her agreement to sell certain land to the plaintiff, with an appropriate reduction in the purchase price by reason of an alleged interest of an abutter in a portion of the land and a porch of the abutter's house thereon, a final decree dismissing the bill was not supported by findings of a master that, although on the day title was to pass the defendant was unable to put the plaintiff in "full possession" because of the porch, she was nevertheless able to convey good and clear record and marketable title, and that after commencement of the suit the porch had been removed and the defendant had then been able to comply with her agreement but the plaintiff had refused to pay the purchase price. [24-26]

Where it appeared that the plaintiff in a suit in equity was entitled to specific performance of the agreement of the defendant to sell certain land, with an appropriate reduction in the purchase price if an abutter had an interest in a part of that land and a porch thereon, that the abutter had been joined in the suit as a party defendant and the plaintiff had sought relief against her but her demurrer had been sustained and the bill dismissed as to her, and that the final decree

---

[8] See now G. L. c. 106, § 2-318, as amended by St. 1971, c. 670, § 1.

erroneously dismissed the suit, this court reversed the decrees sustaining the abutter's demurrer and dismissing the bill as to her and reversed the final decree and remanded the case for further proceedings to determine the abutter's interest, if any, and to enter a decree for specific performance appropriate to the circumstances determined with respect to the abutter's interest. [26-28]

A successful plaintiff in a suit in equity for specific performance of a contract for the purchase of land was not entitled to an award of counsel fees against the defendant seller. [28]

BILL IN EQUITY filed on the Superior Court on February 2, 1967.

Decrees respecting the defendant Stoddard were entered by *Chmielinski, J.*, and a decree confirming a master's report and the final decree were entered by *Beaudreau, J.*

*William L. Smith,* pro se.

*C. A. Peairs* (*William J. Cullen* with him) for Rena Wheelock MacAlister.

ARMSTRONG, J. On October 10, 1966, the plaintiff Smith agreed in writing with the defendant MacAlister to purchase a parcel of land owned by MacAlister on Plum Island in the town of Newbury. Before the agreed date for performance, November 21, 1966, a surveyor determined that the porch of a house belonging to Stoddard, an abutting land owner, extended eight feet by twenty-five feet into MacAlister's parcel. Stoddard asserted to Smith that she had title to the land on which her porch extended. Smith has thereafter taken the position that he is entitled to specific performance with either an abatement from the purchase price, a release from Stoddard, or a decree adjudicating that Stoddard has no interest in the MacAlister parcel.

On February 2, 1967, Smith brought this bill in equity against the defendant MacAlister, seeking specific performance of the purchase and sale agreement, with a reduction in the agreed purchase price to compensate him for the value of Stoddard's interest. Later, Smith amended his bill to join Stoddard as a defendant, and amended his prayers to seek a determination of Stoddard's interest or, if she had none, an order enjoining her from maintaining her porch on the MacAlister parcel.

Stoddard filed an answer in which she reasserted her right to maintain the porch. She also demurred to the bill stating that the plaintiff was not entitled to relief against her and that the bill was multifarious. Stoddard's demurrer was sustained, leave to amend denied, and the bill dismissed as to her. From both decrees Smith filed claims of appeal.

The case was then referred to a master who found, in part, that Stoddard and MacAlister derived title from a common grantor, McArdle, who conveyed part of his property to Stoddard in 1954, and his remaining property to MacAlister in 1960; that MacAlister had agreed to convey to Smith a "good and clear record and marketable title to said property, free of encumbrances," and "full possession free of all tenants"; that on the day the title was to pass MacAlister was unable to put Smith in full possession because of the Stoddard porch, but was nevertheless able to convey good and clear record and marketable title; that after commencement of the suit, under circumstances not in evidence before the master, the porch was removed; and that MacAlister was then able to comply with her agreement to sell, but that the plaintiff refused to pay the balance of the purchase price.

On June 16, 1969, a justice of the trial court allowed MacAlister's motion to confirm the master's report and dismiss the bill. The decree confirming the master's report was entered the same day, and an appeal claimed by the plaintiff. However, a final decree was not entered until February 14, 1972, and the plaintiff appealed therefrom.

The master's report of evidence on order of recommittal includes copies of the deeds from McArdle to Stoddard and to MacAlister. McArdle's land consisted of six lots in a certain block as shown on a certain plan recorded in the Essex South District registry of deeds. On May 7, 1954, McArdle by warranty deed conveyed to Stoddard lots 73, 74 and 75, "with the buildings thereon . . . subject to and together with the benefit of easements and restrictions of record . . .." On June 15, 1960, McArdle by quitclaim deed conveyed to MacAlister lots 76, 77 and 78, "together with

all right and rights of way of record to which the grantor is entitled . . . ." Although the master makes no finding on the matter, we note that Stoddard, in her answer, alleged that her house, situated on lot 75, with its porch extending into lot 76, was in existence and was so located when McArdle conveyed to her. The master's report of evidence states that "the parties orally agreed . . . that from May 7, 1954, until February 26, 1968, the said . . . Stoddard 'claimed to own the land on which the porch encroached' . . ." although whether she thereafter claimed any interest is not specifically alluded to. The removal of the porch "by parties unknown" is said to have taken place "sometime after March 28, 1968."

When a seller is unable to convey marketable title or is otherwise unable to fulfill his obligations under a contract to sell land, a purchaser will not be compelled to accept a lesser conveyance the seller may offer. *Jeffries* v. *Jeffries,* 117 Mass. 184. *Cunningham* v. *Blake,* 121 Mass. 333. *Butts* v. *Andrews,* 136 Mass. 221. And in a contract action, the unwilling purchaser may recover any deposit he may have paid. *Queenin* v. *Blank,* 268 Mass. 432. *Congregation Beth Abraham* v. *Muradian,* 354 Mass. 295.

The buyer may, however, elect to accept partial performance. "[I]t is settled that, being able and willing to perform, the [purchaser] can have [an agreement for the sale of land] specifically enforced in so far as the vendor is capable of compliance, with a deduction from the purchase price for any deficiency in title, or of quantity, or of quality of the estate to be conveyed." *Ratshesky* v. *Piscopo,* 239 Mass. 180, 186-187. See also *Davis* v. *Parker,* 14 Allen 94, 98, 104; *Melamed* v. *Donabedian,* 238 Mass. 133, 137; *Brookings* v. *Cooper,* 256 Mass. 121, 123; *Margolis* v. *Tarutz,* 265 Mass. 540, 544; Pomeroy, Specific Performance (3d ed.) § 438. The master found that on the agreed date for performance, MacAlister was unable to carry out her undertaking to put Smith "in full possession free of all tenants." Although the master refers to the porch several times as an "encroachment" or "the encroaching structure," neither he nor the court appears to have specifically determined whether or

not Stoddard has a legal interest in the porch or in the land under the porch. Perhaps the reason for this is that Stoddard had earlier been dismissed as a party, and the determination of Stoddard's interest had been part of the relief sought by the plaintiff against Stoddard.

The master's report does not support a final decree dismissing the plaintiff's suit. There is a contract for purchase and sale; there is a breach in at least one respect by the defendant MacAlister; and there is reasonable doubt on the part of the plaintiff as to whether or not Stoddard has or had a legal interest in a part of the property he had agreed to buy. Even if the court were to determine that Stoddard's porch was a simple encroachment, without right, and has since been removed, the plaintiff would be entitled to a final decree for specific performance, conditioned upon tender of the full purchase price within a definite time. The final decree must therefore be reversed.

The principal controversy in this case concerns the nature and value of Stoddard's interest, if any, in the porch and the land under the porch. "When there is doubt as to the validity of an alleged encumbrance or defect the court will not resolve it unless all of the parties interested in the question are before the court." *Guleserian* v. *Pilgrim Trust Co.* 331 Mass. 431, 435-436. In a suit by the vendor to force title on an unwilling purchaser, the court need not resolve the doubt, because of "the rule in equity that a defendant, in proceedings for specific performance, shall not be compelled to accept a title in the least degree doubtful." *Jeffries* v. *Jeffries,* 117 Mass. 184, 187. Because this rule is based on the inequity of forcing the purchaser "to assume the risk of subsequent litigation with persons not . . . before the court," *Butts* v. *Andrews,* 136 Mass. 221, 222, it has been held proper for a court to resolve a doubtful title and decree specific performance when the only possible conflicting claimant is joined as a party defendant. *Chesman* v. *Cummings,* 142 Mass. 65, 67-68. But in a suit brought by the purchaser against the vendor for specific performance with compensation, the court must make a determination as to the nature of the alleged encumbrance, where it is in

doubt, if for no other purpose than to determine its value in order to fix compensation.

Therefore, this case cannot be properly decided without determining what if any interest Stoddard has in the porch and the land under it. For a determination which will "do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, so as to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation" (*California* v. *Southern Pac. Co.* 157 U.S. 229, 251, quoting 1 Dan. Ch. Pl. and Pr. [4th Am. ed.] 190), Stoddard, although not indispensable (*Home Dev. Co.* v. *Dupre,* 323 Mass. 98, 99-100), is at least a proper party. *Chesman* v. *Cummings,* 142 Mass. 65, 67-68. *Bryan* v. *Barriger,* 251 Fed. 328, 331-332. Therefore, it was error to sustain the demurrer by the defendant Stoddard, and to dismiss the bill as to her.

The plaintiff's exceptions to the master's report, submitted on June 6, 1968, and numbered one through six and eight through eleven, sufficiently present the issue whether the master's conclusions, if such they be, that MacAlister's title was marketable, and that Stoddard's porch was an encroachment, without right, were erroneous. These exceptions must be sustained so as to leave the master's report dispositive only of the issues which do not involve the interest of the defendant Stoddard in the porch and land thereunder.

If, as counsel for MacAlister suggested in his oral argument, Stoddard is no longer claiming an interest, slight burden will be caused the parties if Stoddard amends her answer accordingly, or so stipulates. Thereafter, a final decree should enter, ordering specific performance upon tender by the plaintiff of the purchase price within a definite time. If, however, she does claim an interest, there should be a further hearing either before the court or a master, to receive evidence to determine the nature of that interest, if any, and its value. *Home Dev. Co.* v. *Dupre,* 323 Mass. 98, 100. The value of Stoddard's interest, if any, should be deducted as compensation from the agreed

purchase price, *Brookings* v. *Cooper,* 256 Mass. 121, 125, and specific performance be decreed upon tender by the plaintiff of the purchase price, less compensation, within a definite time.

Smith also argues that his reasonable counsel fees should be deducted from the purchase price. We do not agree. *Chartrand* v. *Riley,* 354 Mass. 242. *Gallinaro* v. *Fitzpatrick,* 359 Mass. 6, 12.

The interlocutory decree sustaining the demurrer by the defendant Stoddard is reversed. The decree dismissing the bill as to Stoddard is reversed. The interlocutory decree confirming the master's report is modified by sustaining the exceptions indicated above, and by confirming the master's report as so modified; and the interlocutory decree, as so modified, is affirmed. The final decree is reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*