Totten, J.,
delivered the opinion of the court.
The parties to this bill are the devisees and legatees of William Moores, dec’d, and it was brought to obtain a construction of his will.
The will dated in July 1828, is as follows: “I . give to my beloved wife, Elizabeth Moores, during her life or widowhood, all my estate both real and personal, to be used by her for the purpose of raising and educating my children, and that she may at her discre *8 tion, at any time, give to any of my children, at their marriage or settlement in business, such portion of my estate as she may consider expedient and proper; provided, that such portion so given, shall not exceed their distributive share; and provided also, that all such portion of property so given by her, shall be valued by two or more disinterested and competent men, and that an account of all such property so given, shall be kept by my executor: so that at the final settlement, all my children may have received equal portions, share and share alilee. *
“ Secondly: At the death' or marriage of my said wife, it is my will that my estate be equally divided between my children, share and share alike, having a just and equitable regard to such portions of property as may have been given to any of them by my wife as afore-authorised, so that no one of them may receive more than another.”
The testator died in 1828, leaving his wife and nine children surviving him. The widow, who never married, died in August, 1852. One of the testator’s daughters, Ehoda M., married Francis H. Gordon, and in 1834, she died, leaving one child, the defendant, Eho-da M. Gordon. Francis H. Gordon has administered on the estate of his late wife, and in his answer relinquishes in favor of his daughter any interest in the estate to which in right of his late wife, he may be entitled. The testator died, seized and possessed of a con-o siderable estate, consisting of land, slaves, &c.
Now the question is: did Ehoda M. Gordon die seized .and possessed of a vested and transmissible interest *9 under said will, or did tbe entire estate go to her brothers and sisters at her death?
It will be seen that she died during the continuance of the life estate given to her mother, and therefore, before the time appointed by the will for division among the children, entitled to the estate in remainder.
Eor the. plaintiff it is arguedj that the gift in remainder is to a class designated as the children of the testator, and that the persons living and composing the class at the term limited for a division of the estate in remainder, are exclusively entitled, without regard to previous deaths. To support this position, cases are referred to — 7 Terg. R., 606. Satterfield vs. Mays, 11 Humph., 58. Womack vs. Smith, 11 Humph., 478. In Satterfield vs. Mays, the court say in reference to the principle insisted on in this case, “That the interest vests in the described class as a class, and not individually in the persons composing such class, and the entire subject of the gift survives to and vests in the persons constituting such class at the period when the payment or distribution of the fund is to be made.”
It seems to us that the principles only apply in the case of an aggregate fund given to a class of persons as an unit, and who take a joint interest in the fund.
But where an estate is given to A for life, with a several and vested interest in remainder to her. children, each of the children has a transmissible interest, and upon his death during the continuance of the life estate, such interest will go to his heir or representative, according as the estate is real or personal: unless indeed there be words of survivorship which show the *10 intention to be, that the children living at the death of the tenant for life, shall take the entire estate.
These principles are declared and illustrated in numerous cases. Heath vs. Heath, 2 Atk., 121. Walker vs. Shore, 15 Ves. 122. Middleton vs. Messinger, 5 Ves., 137. Devesure vs. Mells, 1 Brown. C. R. 538. Knight vs. Wall, 2 Dev. & Bat. Law, 125. Doe vs. Provost, 4 Johns. B., 62. Pain vs. Benson, 3 Atk. 78.
Now in the present case, the gift is to the wife of the testator, during her life or widowhood, with certain provisions for advancements to her children, and at her death the estate to be “equally divided” between the testator’s children, “share and share alike.”
We think it clear that the interest in remainder, vested at the death of the testator, when the will took effect, to be enjoyed in possession at the termination of the particular estate.
The law favors the- vesting of estates, and there is no inconsistency between the present right and the future use. 1 Jarmon on Wills, 727.
It is equally clear that the children take a several interest in the estate in remainder, as tenants in common, for the words are expressive and appropriate to convey such an' interest. The estate is to be divided into equal shares and an account to be taken of previous advancements. Each has a several and distinct interest in the estate, though united in possession with the others. 2 Kent, 350. 4 Kent, 367. 2 Jarmon on Wiffs, 162.
The result then is, that Bhoda M. Gordon died seized and possessed of a transmissible interest in said estate. Her interest in the realty descended to her daugh *11 ter, Rhocla M., and her interest in tbe personalty, to ber representative.
The decree of the chancellor will be reversed, and a decree be made in conformity with this opinion, securing to Rhoda M., however, the personal estate to which Erancis IT. Gordon, as the husband and administrator of her mother, concedes to his said daughter in and by his answer.
The cause will be remanded for farther proceeding.
Decree reversed.