## RAGSDALE v. MABRY et all.

DEED OF GIFT. *Construction of. Trusts.* Where a husband gave real property to his wife and children, using this expression in the deed of conveyance, to wit: for the benefit of "Laura E. Mabry and her children," it is held that this being a continuing trust, these words refer to all persons who may answer the description of the children of their marriage during the existence of the trust, and that such children of the marriage, as well as those now born as those hereafter to be born, will take an interest in the estate.

### FROM KNOX.

Appeal from the Chancery Court.

SNEED, J., delivered the opinion of the court.

The case involves the construction of a deed executed on the — day of March, 1862, by John Williams and J. J. Craig, executors of L. A. White, to the complainant Ragsdale, trustee "for L. E. Mabry and her children." At the time of the execution of the deed Mrs. Mabry had several childred. She was then, and is still, the wife of Jos. A. Mabry, and the proof shows that he, being in good circumstances at that time, bought the real estate and had it settled on his wife and children. Several children have been born to them since the execution of the deed, and the question is, have the after born children any interest in the estate? The chancellor held that the trust was for the benefit of all the children of the marrige of the said Joseph A. and L. E. Mabry. The guardian *ad litem* of the first named children has appealed.

If we were allowed to look to the parol proof, it is abundantly shown that the trust was intended for all the children of the marriage, but under the rules of law the deed must be its own interpreter. It was an observation of Lord Coke, that matters in writing, made by advice and on consideration, and which finally import the certain truth of the agreement of the parties, should not be proven by the uncertain testimony of slippery memory: *Countess of Rutland's Case*, 5 Rep., 26. And it is a fixed rule of law that in the construction of deeds, as of wills, the court must limit itself to the inquiry, what intention do the words of the instrument express: 2 Phill. Ev., 540. It is rather remarkable that no precisely similar col-

lection of words as those in this deed is to be found in our books. In the absence of any authority, and judging from the most obvious import of the words for the benefit of Laura E. Mabry and her children," we incline to the opinion of the chancellor, that this being a continuing trust, these words refer to all persons who may answer the description of the children of that marriage during the existence of the trust, and that all the childred of the marriage, as well as those now born as those hereafter to be born, will take an interest in the estate.

Affirm the decree.