WILLIAM D. TRAMMELL *et al.*, plaintiffs in error, *vs.* WILLIAM C. JOHNSTON *et al.*, defendants in error.

1. Where a testator devised his plantation to his wife "during her natural life, for the sole benefit of his beloved wife and three children herein named," and provided further that said life interest should not be transferable, and that said plantation should not "be cultivated by any person's hands except his said wife's and children's," and that at her death it should be sold and equally divided between said children:

*Held*, that the testator's widow, who was also his executrix, had no authority to lease said plantation for the term of twenty years.

Trammell *et al. vs.* Johnston *et al.*

2. The devise of the life interest to the wife was not such a grant of an estate to her as to make the subsequent provision against its transfer void on account of repugnancy.

3. If for any reason it became impossible for the wife and children to cultivate the plantation with their own hands, the executrix should have applied to a court of chancery for direction.

4. The bill should have been retained to prevent waste on the part of the lessee.

Wills.    Administrators and executors.    Equity.    Waste. Before Judge JAMES JOHNSON.    Harris Superior Court.    October Term, 1874.

For the facts, see the decision.

INGRAM & CRAWFORD ; E. H. WORRILL, for plaintiffs in error.

JAMES M. MOBLEY, for defendants.

WARNER, Chief Justice.

It appears from the record in this case that Pulaski T. Trammell, on the 29th of January, 1859, made his will, and appointed his wife, Ann E. Trammell, his executrix ; that in the month of April thereafter the testator died, leaving the said Ann E., and three children, as his legatees and devisees under said will.    By the sixth and seventh items thereof he declared it to be his will "that his wife should have his entire plantation whereon he then lived during her natural life, for the sole benefit of my beloved wife and three children herein named, but said life-interest in said plantation shall not be transferable, and not to be cultivated by any person's hands except my said wife's and children's, and at her death to be sold and equally divided between· my children heretofore named.    It is further my will, that my children be educated out of the profits arising from my farming interest, .or otherwise. · Should there be any more made on my farm above a good support for my wife and children, 'I wish it to be used for the benefit of my said wife and children, as my executrix ·

shall think best and proper." The three children of the testator filed their bill of complaint against Mrs. Trammell and one Johnston, in which they set forth the terms of the will, and alleged that on the 1st of January, 1871, the said Ann E. Trammell, as executrix aforesaid, in consideration of the sum of $2,000 00 cash in hand paid, leased and sold the plantation mentioned in testator's will to said Johnston for the term of twenty years, the said Johnston having the right to dispose of the houses upon the premises either by sale, removal, or in any other manner, and to have all wood privileges; that Johnston is in possession of the plantation, the annual rent of which is worth $800 00; that he is committing waste thereon; has removed buildings from the premises to the damage thereof $500 00; that at the time Johnston purchased said lease of the premises, and took possession thereof, he had seen and read the testator's will, and knew all the terms of it. The complainants claim to be entitled to a three-fourths interest in the rents and profits of the land, under their father's will, during the lifetime of their mother, who is about forty years old, and in good health, and pray that the defendants may be decreed to account for and pay the same, and for other relief, alleging that the executrix is *insolvent.* The defendants demurred to the complainants' bill, the court sustained the demurrer, and the complainants excepted.

1. It was manifestly the testator's intention, in view of the state of things which existed as to the condition of his property at the time he made his will, that his plantation should be occupied by his wife and children for their sole benefit during her natural life, and not to be worked by any other person's hands except theirs, evidently meaning negro hands, for their mutual benefit and support, and for the education of the children. In other words, the plantation and negroes were to be kept together, as specified in the fourth item of his will, and worked thereon, for the mutual benefit of his wife and his three children, during the natural life of his wife, and to effect that object, the testator declared her life interest in the plantation should not be transferable, and that at the death of his

wife the plantation should be sold and equally divided between his three children.   The testator appears to have had two objects in view in respect to the plantation whereon he lived at the time of his death.   First, to provide a home for the support of his wife and children during her life; second, that the plantation should only be worked by the hands of those who were interested in it, so as not necessarily to impair its value when it should be sold at the death of his wife, for the benefit of his children.   The testator appointed his wife executrix, and entrusted her to carry out his object and intention as expressed in his will.   She accepted the trust.

2. It was insisted on the argument for the defendant in error, that the restriction imposed by the testator in his will, for the purpose therein expressed, that the life interest in the plantation should not be transferable, was repugnant to the interest devised by the testator to his wife, by that clause in his will, and was therefore void, and analogized it to a condition repugnant to the grant of an estate.   This devise by the testator of a life interest to his wife in the plantation, for the purposes and upon the conditions and trusts as expressed in his will, cannot, in any legal sense, be considered as the grant of an estate to her.   The plantation was the property of the testator, and he had the legal right to dispose of it by will upon such terms and conditions as he pleased, provided such disposition was not contrary to the law or public policy of the state ; and when Mrs. Trammell accepted the devise and bequests contained in the will, she accepted the same on the terms and conditions as therein expressed, and, as the executrix thereof, was bound to execute the same.   The keeping property together and working the plantation during the lifetime of Mrs. Trammell, for the purpose and object as expressed by the testator, and declaring that her life interest should not be transferable, did not violate the law or public policy of the state.

3. If the emancipation of the negroes made it impossible to work the plantation with their own hands, as was contemplated by the testator when he made his will, then the executrix should have applied to a court of chancery for direction.

Parties in interest cannot be permitted to set aside testators' wills at their pleasure, without the sanction of judicial authority.

4. The executrix has leased the testator's plantation for twenty years. What will be its condition at the end of that period no one can tell: The testator is in his grave, and cannot protect it for the benefit of his children, who are to have it after the death of their mother. If the courts of the country do not protect dead men's estates, uphold and protect their wills after their death, then the right to dispose of one's property by will is not worth much. The bill in this case alleges that the defendant, Johnston, the lessee of the executrix, has already removed houses from the testator's plantation, of the value of $500 00. What may be the equities of the parties on the final hearing of the bill is not now before us for consideration. The only question now before us is whether the complainants have made such a case by their bill as entitles them to a hearing. We are of the opinion that they have, and that the court below erred in sustaining the demurrer to the complainants' bill.

Let the judgment of the court below be reversed.

McCay, Judge, concurring.

I concur in the judgment. The bill should have been retained to prevent waste. But I am not prepared to say that the complainants have any right in equity to set aside the lease, or to compel the lessee to account for the sum paid to Mrs. Trammell, without a charge in the bill that the same has not been applied to the proper use of the devisees.