UNION & PLANTERS BANK & TRUST CO., Admr., with the will annexed, v. ASHLEY ALSOBROOK et al.

Western Section.    November 25, 1927.

No petition for Certiorari was filed.

1. **Wills.** In construing a will the court will endeavor to ascertain the intent of the testator.

In the construction of wills in doubtful cases it is proper for the court to look into the circumstances and situations of the parties in interest to ascertain the intent of the testator.

2. **Wills. Construction. Evidence.** Any facts may be proved which will enable the court to ascertain the intent of the testator.

In an action to construe a will, such facts may be proved as will enable the court to place itself as nearly as possible in the situation of the person whose language is to be interpreted.

3. **Wills.** The word "family" as used in will held to include father, mother and children living in the home as part of the family household.

Where the will under consideration devised to "Ashley Alsobrook and family," held that the word "family" as used in the will included the father, mother and children living in the home, regardless of their ages.

4. **Words and phrases.** "Family" defined.

The word "family" as used in a will held to include the father, mother and children living in the home as a part of the family household.

5. **Wills.** Will construed to give life estate with the remainder over to the children of the life tenant.

Where the will under consideration provided "I leave all I have to my son, Ashley Alsobrook and family to be divided among the children after they become of age," held that the bequest was for the benefit of the family and that Ashley Alsobrook had a life estate, the income of which should be used for the support of his family with the remainder to the children who might be living at the time of his death and when the youngest had reached the age of 21 years of age. The estate would be opened for children that

might be born and restricted if any child should die, regardless of whether he left children or not.

6. **Wills. Bequest held to create a trust.**
Where the will left the property for the support of Ashley Alsobrook and family, held that the fund was impressed with a trust for the support and maintenance of the family and was not subject to the debts of Alsobrook.

Appeal from Chancery Court, Shelby County; Hon. D. W. De-Haven, Chancellor.

Affirmed.

Wilson, Gates & Armstrong, and Edgar Webster, of Memphis, for appellants.

L. D. Bejach, of Memphis, for appellee.

SENTER, J. The Union Planters Bank & Trust Company, administrator with the will annexed of Mrs. Mary Alsobrook, filed the original bill in this cause seeking to have the holographic will of Mrs. Mary Alsobrook construed. This holographic will was duly probated in the probate court of Shelby county and is as follows: "This is my last will. I leave all I have to my son, Ashley Alsobrook and family, to be divided among the children after they become of age. January 12, 1926. Mrs. Mary Alsobrook. Witness Miss Bettie Wood."

The Chancellor construed the will, and decreed in part as follows:

"It further appears to the court that the proper construction of said will is, that Ashley Alsobrook is entitled to have paid to him for the support of himself and family the net income from the estate of Mrs. Mary Alsobrook, deceased, after deducting all proper charges against same, so long as he may live, and it is therefore ordered, adjudged and decreed that the Union & Planters Bank & Trust Company, Admr., C. T. A., at suitable and reasonable intervals, pay to said Ashley Alsobrook, for the support of himself and family, the net income from the estate of said Mrs. Mary Alsobrook, and it is further ordered, adjudged and decreed that the receipt of the said Ashley Alsobrook for said payments so made shall be full and sufficient receipt to the Union & Planters Bank & Trust Co., Administrator C. T. A., for said payments, and proper acquitance for same, without any obligation upon the part of said Union & Planters Bank & Trust Company, Administrator C. T. A., to see to the application of said payments.

"Said net income shall be used by said Ashley Alsobrook for the support of himself and any wife he may have so long as she shall continue a member of his family, and for the support of his children so long as they shall continue members of his family and regardless of whether or not said chil-

dren, or any of them, are more or less than twenty-one years of age.

"It further appears to the court that the proper construction of said will is, that in the event that at the time of the death of Ashley Alsobrook he leaves surviving him a wife who was a member of his family at the time of his death and children who are living with him as members of his family at the time of his death, that then the net income from said estate shall be used to support said wife and such children as shall continue as members of the family, regardless of whether they are more or less than twenty-one years ·of age, until the youngest of the children of Ashley Alsobrook attains to the age of twenty-one years, and it is so ordered, adjudged and decreed. The method and manner of making payments in this event, however, is by the court expressly reserved to be provided for by future orders of the court in event it is found necessary.

"It further appears to the court that the proper construction of said will is that the corpus of said estate shall be distributed in equal proportions among the children of Ashley Alsobrook who may be living when the youngest child attains the age of twenty-one, the issue of any of the children of said Ashley Alsobrook who may have died prior to said time not taking in the place of their deceased parent, and it is so ordered, adjudged and decreed.

"It further appears to the court that in as much as there will always be a possibility of the birth of further children to Ashley Alsobrook so long as he may live, the said period of distribution cannot arise until after the death of said Ashley Alsobrook and until the time his youngest child shall attain to the age of twenty-one years.

"It further appears to the court that said will creates a trust in favor of Ashley Alsobrook and his family, in so far as the same yields with the income from said estate which is not susceptible to assignment by Ashley Alsobrook nor subject to be subjected to the payment of his debts, and it is so ordered, adjudged and decreed. . . ."

From the above decree, or so much thereof as construes said will, the complainant, Union & Planters Bank & Trust Company, Admr., cum testamento annexo, excepted ,and prayed an appeal to this court, which appeal was granted and has been duly perfected, and errors assigned.

To so much of the decree which holds that Ashley Alsobrook and wife, Marian Alsobrook do not receive an undivided, unconditional one-fifth interest each in the corpus and income of the estate of Mrs. Mary Alsobrook; giving to Ashley Alsobrook only

a life estate in said estate, holding that the net income on the corpus of the estate shall be used exclusively and solely for the support and maintenance of Ashley Alsobrook and his family as defined in said decree; and which holds that said Ashley Alsobrook is not entitled and authorized to expend the income on said property in such manner as he may elect and determine; Ashley Alsobrook and wife, Marian Alsobrook, excepted and prayed an appeal to this court, which appeal was granted, and the appeal perfected, and errors assigned.

The Chancellor filed as a part of the record, an opinion, and in which is contained the facts as found by the Chancellor, as well as a discussion of the law pertaining to the construction of the will in question. The facts as found by the Chancellor, necessary to be considered, and in which we concur, are as follows:

"It appears that on December 5, 1917, Mrs. Mary Alsobrook executed a last will, wherein she left her entire estate to the Bank of Commerce & Trust Company, as trustee, with directions to pay all the income therefrom to her sister, Miss Bettie Wood, for and during the term of her natural life, and at her death whatever remained of the estate to be paid to Mary Edna Alsobrook, granddaughter of the testator. On December 20, 1923, Mrs. Mary Alsobrook, executed a codicil to her will reciting the fact that since the date thereof two additional children had been born to her son, Ashley Alsobrook, to-wit: George Robert Alsobrook and Helen Elizabeth Alsobrook, and providing that these two grandchildren should share in the remainder of the estate along with Mary Edna Alsobrook. Miss Bettie Wood, at the time of the execution of the will of December 5, 1917, and codicil thereto, was living with Mrs. Mary Alsobrook, and had been making her home with her for some thirty years. Miss Wood was without funds or property. Mrs. Alsobrook was providing for the maintenance and support of this sister, and giving the remainder of her estate to the children of her son, Ashley Alsobrook. Subsequent to the execution of the codicil, November 20, 1923, Miss Bettie Wood inherited some eight or nine thousand dollars from a cousin residing at Shreveport, La. Mrs. Alsobrook also inherited a like amount. The necessity of Mrs. Alsobrook providing for the support of her sister, Miss Bettie Wood, no longer existed, and as a consequence, Miss Alsobrook proceeded to make a new will in which she made no provision whatever for this sister. Undoubtedly the primary and proximate cause for the making of the new will was the fact that Miss. Wood, the sister, had inherited a substantial sum of money and was no longer dependent. The testatrix' attitude toward the grandchildren

had not changed. Her attitude toward her son, Ashley Alsobrook, had not changed. The relation between this mother and son had always been of an affectionate character. Ashley, according to the record, was extravagant, and had not met with financial success in life. On several occasions Ashley and his family would go to this mother's and live there with her, without payment of board or rent. He had nothing with which to make payment. Until Mrs. Alsobrook inherited a portion of the estate of a deceased cousin, she had but little property.''

In addition to the above facts as found by the Chancellor, it also appears that on January 12, 1926, Ashley Alsobrook, at the invitation of his mother, went from his then home in Yazoo City, Miss., to Memphis, to spend the day with her, as it was his birthday, and his mother desired to have him spend his birthday with her. She prepared a birthday cake for him, and paid his railroad fare from Yazoo City to Memphis, in order to have him spend his birthday with her. It was on that date that she wrote the will now under consideration.

As stated by the Chancellor in his opinion, in doubtful cases, it is proper to look into the circumstances and situation of the parties in interest, to ascertain the intention of the testator. Henderson v. Vaulx, 10 Yerg., 34; Blackmore v. Blackmore, 3 Sneed, 365. Such facts may be proven as will enable the court to place itself as near as possible in the situation of the person whose language is to be interpreted. Gannaway v. Tarpley, 1 Cold., 572; Kilpatrick v. Jenkins, 96 Tenn., 9.

We omitted to state that the record shows that soon after Mrs. Mary Alsobrook received the inheritance from her cousin in Louisiana, she sent her son, Ashley Alsobrook, $4,000 of the money, stating at the time that that was all she would send him at that time as she did not know whether she would receive any more from the estate. We also omitted to state that at the time she inherited this money from her cousin in Louisiana, she had her son Ashley Alsobrook to attend to the matter, and to represent her in making this settlement, and to that end gave him a power of attorney to act for her.

We will first consider and dispose of assignments of error of Ashley Alsobrook and Marian Alsobrook, which are as follows:

''1.

''The learned Chancellor erred in holding that Ashley Alsobrook and Marian Alsobrook each did not take an undivided one-fifth interest in the corpus of the estate.

''2.

''The learned Chancellor erred in holding that Ashley Alsobrook and Marian Alsobrook cannot expend the income in any manner they may choose.

"3.

"The learned Chancellor erred in holding that Ashley Alsobrook and Marian Alsobrook cannot encroach upon the corpus of the estate.

"4.

"The learned Chancellor erred in holding that the corpus of the estate cannot be encroached upon in any event, and that the income is a trust fund and must be expended by Ashley Alsobrook solely and alone for the support of himself and family.

"5.

"The learned Chancellor erred in holding that the income from the trust fund is not susceptible to assignment by Ashley Alsobrook nor subject to be subjected to the payment of his debts."

By the first assignment of error it is the insistence of these appellants, Ashley Alsobrook and Marian Alsobrook, that by a proper construction of the will the entire estate of the testatrix should be divided into five equal shares, one-fifth of which should go to Ashley Alsobrook, and one-fifth to Marian Alsobrook, and the other three-fifths to the three children of Ashley Alsobrook. In this connection it is contended that in order to effectuate the intention of the testatrix, the court may supply words, (citing Fox v. Fox, 102 Tenn., 77) and that the will should be construed to read "I leave all I have to my son, Ashley Alsobrook and family (naming them) the children's part to be divided among them after they become of age." It being further contended that a clear bequest, without limitations by an early provision in a will, will not be modified or qualified by a subsequent obscure or ambiguous provision. (Frank v. Frank, 120 Tenn., 569). We are of the opinion that the word "family" includes the father, mother, and the children living in the home as a part of the family household. Mr. Pritchard in his work on Wills and Administration, section 437, under the title of "Gift to Family," states: "A devise or bequest to A and his 'family' will ordinarily be construed to mean a gift to A and his wife and children living with him." (Hall v. Stephens, 28 Am. Rep., 302) 65 Mo. 670; Bowditch v. Andrew, 8 Allen, (Mass.) 339. In the same work, Section 446, under the head of "Gift to A and his children" Mr. Pritchard states: "Where there is a devise to one and his children and there are children capable of taking at the time the will takes effect, the parent and children will take equal interest as tenants in common. But a very slight indication of intention that the children should not take jointly with the parent is sufficient to take the case out of the rule, and enable the court to decree a life estate to the parent with the remainder to the children, or otherwise children born after the death of the testator would be cut off." (Citing Bunch v. Hardy, 3 Lea., 543; Harris v. Alderson, 4 Sneed, 250; Moore v. Simmons, 2 Head, 546; Turner v. Ivy, 5 Heisk., 322; Hix v. Gosling, 1 Lea., 560;

Squires v. Old, 7 Humph., 454.) If the will had ended with the words, "I leave all I have to my son, Ashley Alsobrook, and family," without anything more, a proper construction would probably entitle Ashley Alsobrook and his wife and three children to take the estate as tenants in common. However, in the same sentence and immediately following, the will provides "to be divided among the children after they become of age." This takes it out of the rule that the son Ashley Alsobrook, his wife and' three children then living would take the estate as tenants in common..

We are of the opinion that the Chancellor reached the correct conclusion in holding and decreeing that this bequest was for the benefit of the family of Ashley Alsobrook, and a proper construction of the will would be that the family of Ashley Alsobrook, for the benefit of himself and family, has a life estate in the property bequeathed; that there can be no division among the children so long as he lives, as the corpus of the estate is vested in his children as a class, and his class cannot be determined until his death. The bequest is for the benefit of the entire family, in so far as the income from the estate is concerned, but we think it was the intention of the testatrix to preserve the entire corpus to be divided among the children of Ashley Alsobrook, and that this class is subject to be opened so as to admit after-born children of Ashley Alsobrook, and also subject to be diminished by the death of any of the children of Ashley Alsobrook before the period of distribution. We are also of the opinion that the period of distribution under this will was properly construed by the Chancellor, and that it comes within the rule of the early case and the leading case on the class doctrine in this state of Satterfield v. Mays, 11 Humph., 59, see also Nichols v. Guthrie, 109 Tenn., 535. If the construction as contended by Ashley Alsobrook and wife should be given the will, it would be in direct conflict with the class doctrine as pertaining to the children of Alsobrook. It is first insisted by these two appellants that they are each entitled to a one-fifth of the estate, and that the three children living at the time of the execution of the will and at the time of the death of the testatrix would take the other three-fifths, and in the same connection it is insisted that if other children are born they would share in the three-fifths. Suppose there should be other children born to Ashley Alsobrook and wife, (and if the class doctrine applies) it would be opened to as to include such after-born children, if two-fifths should be given to Ashley Alsobrook and wife, a one-fifth each to them, they would receive a greater share than would the children each receive. We are therefore of the opinion that the Chancellor reached the correct conclusion and properly decreed that only the revenues from the estate inures to the benefit of Ashley Alsobrook and family, which includes Ashley Alsobrook, his

wife, and such of the children as continue to make their home with Ashley Alsobrook, and that at the death of Ashley Alsobrook, and when the youngest child becomes twenty-one years of age, the corpus of the estate to be divided among those constituting the class, which would be the children of Alsobrook still living. ·

We are also of the opinion that the Chancellor reached the correct conclusion in holding that under the will a trust was created, and that Ashley Alsobrook, so long as he lives, is entitled to receive the revenues from this estate for the use and benefit of himself and family, and that the administrator with the will annexed is authorized to pay over to him the revenues for said purpose and that the receipt of Ashley Alsobrook for the revenues so paid to him by the administrator is sufficient, and the administration does not have to follow the funds so paid over as revenues to see that it is properly expended for the use and benefit of the family.

This disposes of the second assignment of error, and also the third and the fourth assignment of error. The fifth assignment of error is based upon that part of the decree of the Chancellor holding that the income or revenue derived from the estate is not subject to the debts of Ashley Alsobrook, and is not susceptible to assignment by Ashley Alsobrook. We do not think the fifth assignment of error can be sustained. We are of the opinion that the revenue or income from this estate is impressed with a trust for the use and benefit of Ashley Alsobrook and family, and is to be used for the support and maintenance of the family as a whole. If it were subject to assignment by Ashley Alsobrook, or subject to the payment of his debts, it would operate to defeat this trust, and the very purposes of the bequest.

It results that all assignments of error by Ashley and Marian Alsobrook are overruled and disallowed. The assignments of error by the Union Planters Bank & Trust Company, administrator cum testamento annexo, present two questions. First, that it was error on the part of the court to direct the administrator to make paymen of the income of the estate to Ashley Alsobrook and Mrs. Marian Alsobrook, and that the receipt of the said Ashley Alsobrook for said payments so made shall be full and sufficient receipt to said administrator for said payments, and proper acquittance for same, without any obligation upon the part of said administrator to see to the application of said payments. It is said that this is error because Ashley Alsobrook was not appointed trustee under this will, and no provision is made in the decree of the court for the payment of said income to a trustee.

A sufficient answer to this assignment of error is that it was the clear intention of the testatrix to have this income used by Ashley Alsobrook for the support of himself and family. We do not think

it necessary to designate Ashley Alsobrook as a trustee to receive these payments. It was the evident intention of the testatrix that her son could be relied upon to use the income from this estate for the benefit of the family.

The second assignment of error has been discussed in disposing of the assignments of error by Ashley Alsobrook and wife. We are of the opinion that the term "family" includes all of the family who remain in the home regardless of the ages.

It results that all assignments of error are overruled and the decree of the Chancellor is affirmed.

By the terms of the decree the Chancellor retained the case in court for such future orders as may be necessary, and the cause is remanded to the chancery court for the purpose of carrying out the decree.

The cost of this appeal will be paid by Ashley Alsobrook and Marian Alsobrook and sureties on the appeal bond.

Owen and Heiskell, JJ., concur.