KEELING *et al. v.* KEELING *et al.*

(*Nashville*, December Term, 1946.)

Opinion filed June 26, 1947.

Rehearing denied August 1, 1947.

WM. D. DODSON, of Nashville, for Edgar P. Keeling, and others.

KENNETH HARWELL, of Nashville, Guardian *ad litem* for unborn children of Edgar P. Keeling.

NAT RICHARDSON, JR., of Nashville, for Clementine Keeling.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In Part II of the Chancery Court of Davidson County, the original bill was filed in this cause, to secure a con-

struction of part of Item 2 of the will of Mary Alice Whitworth, which was probated in Davidson County in October, 1926: "2nd. I give my little home with 3 and one-eighth acres to my nephew Edgar P. Keeling and his children. He is not to sell the place and if he does not use it for a home it is to be rented and kept up and he and his children to have the rents therefrom."

Edgar P. Keeling, his wife, and their three adult children were complainants, and their minor child, Clementine Keeling, was made a defendant. Guardians *ad litem* were appointed for the minor and for the unborn children of Keeling. The cause was heard by the Chancellor on the pleadings and a stipulation. The will was made an exhibit to the bill.

The Chancellor held that the restraint of sale, quoted in the second sentence of the Item above, was "not sufficient to have the provision declared void;" and further that "The Court is of the opinion that the testatrix devised the property in question to Edgar P. Keeling and his children, and that the said Edgar P. Keeling and his children, who were living and in being, at the time of the death of said testatrix, took the property in question in fee, but the Court is constrained to hold, that under the plain and unmistakable terms of the will, it was the intention of the testatrix to place a limitation on the sale of said property during the life time of her nephew, Edgar P. Keeling."

By the final decree entered pursuant to this opinion it was adjudged that the children of Keeling living at the time of the death of the testatrix were,—Leonard Ridley Keeling, Mary V. Keeling Simpkins, Margaret Keeling Cole and Clementine Keeling. All parties excepted to the final decree and prayed and perfected appeals to this Court.

It would uselessly prolong this opinion to state the assignments of error severally. The contentions of the parties on the appeal are as follows:

The complainants and Clementine Keeling, who has come of age since the decree and joined with complainants on the appeal, contend: ". . . that the testatrix, Mrs. Mary Alice Whitworth devised the property in question, either to one of the complainants, Edgar P. Keeling, in fee simple, or that she devised this property outright, to the complainant, Edgar P. Keeling and his children then living, as tenants in common, and that the unborn children of Edgar P. Keeling had no interest in said real estate whatsoever."

They further contend that the restraint on alienation attempted by the second sentence of the second Item of the will was void.

The guardian *ad litem* for the unborn children of Keeling also insists that the attempted restraint on alienation is void, but contends that the effect of the devise is as follows: "The testatrix, under paragraph Second of the will, created an active testamentary trust and named her nephew, Edgar P. Keeling, trustee. The legal title to the property vested in Edgar P. Keeling at the death of the testatrix, but said Edgar P. Keeling is to hold said property for the joint use and benefit of himself and all of his children; that at the death of Edgar P. Keeling the trust will terminate, and at his death all the children he may then have will be vested with the legal title to said property."

Clearly, all questions presented by the appeal reduce themselves to two, viz.: (1) What estate was created by the devise in Item 2 of the will and who were the beneficiaries thereof? (2) Was the restraint on alienation attempted therein valid or invalid? It is unfortunate, perhaps, that because all parties have appealed, the Chan-

cellor's opinion is not supported by brief of the law upon which the opinion was based.

We can find no exception to the rule that conditions subsequent preventing alienation of an estate in fee, even for a limited time, are universally held void as inconsistent with the incidents and nature of the estate devised and contrary to public policy. *Overton* v. *Lea*, 108 Tenn. 505, 556, 68 S. W. 250; Vol. 1 Bogert's Trusts and Trustees, sec. 220, page 702; Perry Trusts, Vol. 1, sec. 386; Scott Trusts, Vol. 1, sec. 150; Sizer's Pritchard on Wills, sec. 161; *Potter* v. *Couch*, 141 U. S. 296, 315, 11 S. Ct. 1005, 35 L. Ed. 721; Cushing v. Spalding, 164 Mass. 287, 41 N. E. 297; *Fowlkes* v. *Wagoner* (Tenn. Ch. App.), 46 S. W. 586.

But restrictions by conditions subsequent or conditional limitation, even if they be absolute restraints on alienation, are generally held valid if annexed to an equitable estate not greater than a life estate. This upon the theory that the unrestricted fee is vested somewhere else. Thompson Wills, sec. 389; Rood Wills, (1926 Ed.), sec. 607; *DePeyster* v. *Michael*, 6 N. Y. 467, 57 Am. Dec. 470; *Conger* v. *Lowe*, 124 Ind. 368, 24 N. E. 889, 9 L. R. A. 165; *Roberts* v. *Stevens*, 84 Me. 325, 24 A. 873, 17 L. R. A. 266; *Lampert* v. *Haydel*, 96 Mo. 439, 9 S. W. 780, 2 L. R. A. 113, 9 Am. St. Rep. 358; *Yost* v. *McKee*, 179 Pa. 381, 36 A. 317, 57 Am. St. Rep. 604; *Trammell et al.* v. *Johnston et al.*, 54 Ga. 340; *Weller* v. *Noffsinger*, 57 Neb. 455, 77 N. W. 1075; *Dulin* v. *Moore*, 96 Tex. 135, 70 S. W. 742.

Our first duty is to carry out the will or intent of the testatrix, rejecting, if possible, a construction which will defeat that intent, and if the law permits, adopting a construction which will dispose of her property in the way that she willed that it be done.

140

■ The word "children" is a word of purchase, not of limitation (*Stubbs* v. *Stubbs*, 30 Tenn. 43; *Bowers* v. *Bowers*, 51 Tenn. 293, 299), unless there be language in the will to change the usual connotation of the term, and we find no such language in the will before us here.

■ The general rule is that a devise to "A and his children" vests the legal title in the parent, he and each child having an equal equitable interest during the life of the parent, and upon his death, the children then in esse taking the property in fee. *Bowers* v. *Bowers, supra.*

In the *Bowers Case* the Court had for construction a devise of lands to a woman "to have and to hold the same to her and her children for their special use and benefit forever." It was held that the parent took legal title to the land devised, but in trust for herself and her children. The trust ceased at the parent's death and the estate itself, *eo instanti*, passed to the children in fee free from any limitation.

■ However, it has been declared in several cases by this Court construing devises with language almost identical with the one before us here, that a "slight indication of an intent" that the children shall not take jointly with the parent, gives a life estate to the parent with remainder over to the children in fee. *Bunch* v. *Hardy*, 71 Tenn. 543; *Beecher* v. *Hicks*, 75 Tenn. 207, 209; *Cannon* v. *Apperson*, 82 Tenn. 553, 576; *Ragsdale* v. *Mabry*, 67 Tenn. 300; Sizer's Pritchard on Wills, sec. 446. What the "slight indication" may be it hard to say, but it has been found in a majority of *Tennessee Cases*. *Bunch* v. *Hardy, supra*, 71 Tenn. at page 549; *Harris* v. *Alderson*, 36 Tenn. 250; *Moore* v. *Simmons*, 39 Tenn. 545, 546; *Turner* v. *Ivie*, 52 Tenn. 222; *Hix* v. *Gosling*, 69 Tenn. 560, 568; *Squires* v. *Old*, 26 Tenn. 454; *McCall* v. *McCall*, 1 Tenn. Ch. 500, 504; *Balch* v. *Johnson*, 106 Tenn. 249, 254, 61 S. W. 289.

■ We have no difficulty in finding and find that the "slight indication" in the present case was the restraint on alienation which is valid only if the nephew takes an estate for life. Thompson Wills, sec. 289, and authorities cited, *supra*. This construction carries out the expressed intention of the testatrix and prevents injustice to after-born children. *Bowers* v. *Bowers, supra*; *Haywood's Heirs* v. *Moore*, 21 Tenn. 584; *Union & Planters Bank & Trust Co.* v. *Alsobrook*, 6 Tenn. App. 264, 270.

■ A condition which prohibits the alienation of an estate for a limited period, is reasonable and valid if it is not subversive of the estate and does not destroy its ultimate alienable and inheritable character: "But conditions which prohibit the alienation of the estate to a particular person or persons or for a certain limited period, if reasonable, are not subversive of the estate; they do not destroy or limit its alienable or inheritable character." Sizer's Pritchard on Wills, sec. 161, p. 196.

This statement of Pritchard's was apparently accepted as a sound rule in *Bradford* v. *Leake*, 124 Tenn. 312, 319, 137 S. W. 96, Ann. Cas. 1912D, 1140, though the case there was decided on other grounds.

■ It is for the Court to say what is "reasonable restraint" on the facts of the case. There is nothing in the pleadings or stipulation here to show that the restraint on alienation was unreasonable. We conclude that the testatrix had the absolute right to dispose of her property as she did.

■ It has been declared in a number of our cases that the public policy of this State is not in conflict with limited or partial restraints on alienation,—for example —by the creation of spendthrift trusts, *Jourolmon* v. *Massengill*, 86 Tenn. 81, 5 S. W. 719; by a restraint against alienation to particular persons, *Overton* v. *Lea*, 108 Tenn. 505, 68 S. W. 250. These cases place Tennessee

in line with those states which have approved reasonable, limited restraints on alienation and decisions from the courts of other states which have struck down all restraints on alienation are not in point. Tiffany Real Property, sec. 1349; Thompson Real Property, sec. 2082 *et seq.* The case of *Fowlkes* v. *Wagoner* (Tenn. Ch. App.), 46 S. W. 586, furnishes no authority for a decision of the present case so far as the restraint on the alienation of a life estate is concerned. The question there before the Court of Chancery Appeals was the validity of a restraint on the alienation of a fee simple. The dicta of Judge NEIL on the validity of restraints on the alienation of life estates are valuable as showing the opinion of the Judge as a legal scholar, but it is to be considered that this Court departed from those *dicta* in the decision of *Overton* v. *Lea, supra,* and many later cases.

Since we uphold the restraint on alienation, its language shows that the children of Keeling had vested rights in the devise on the death of the testatrix, by way of use as a home or by a share in the income if it was rented. However, the vested rights of the children living at the time of the death of testatrix are subject to be divested, and the estate opened up to admit the rights of after-born children. *Bridgewater* v. *Gordon,* 34 Tenn. 5; *Haywood's Heirs* v. *Moore,* 21 Tenn. 584; *Harris* v. *Alderson,* 36 Tenn. 250; *Bowers* v. *Bowers, supra; Tate* v. *Tate,* 126 Tenn. 169, 183, 148 S. W. 1042.

This construction of the devise is fortified by the language of the legacy which immediately follows in the same Item 2 of the will: ''I also give him (Keeling) the note of $3000.00 Mr. G. A. Henderson has and it is to be kept invested and *he and his children* to have the interest.'' (Italics ours.)

■■ The "class doctrine" does not apply because the vesting of the children's estate is not expressly postponed to the happening of an event subsequent to the death of the testatrix. *Satterfield* v. *Mayes*, 30 Tenn. 58; *Sanders* v. *Byrom*, 112 Tenn. 472, 79 S. W. 1028; *Harris* v. *Alderson*, 36 Tenn. 250, 254.

■■ ˙ We hold, therefore, that on the death of the testatrix, by Item 2 of her will, legal title to the realty there described vested in Edgar P. Keeling for life, for the use and benefit of himself and his children, and that he may, during the period with his children, make his home on the property, or he may rent it and use the income for himself and his children. Under the restraint on alienation imposed by the will and which we hold valid and reasonable, Keeling may not sell or mortgage the property; the children have present vested right to use the property as a home or if it be rented, to equal shares of the income, the father taking a child's share; these vested rights of children will be divested by the birth of other children who will thereafter take equal shares with their older brothers and sisters; and upon the death of Keeling, all his children, both those living at the death of testatrix and those born thereafter, will take a joint estate in fee simple.

The decree below will be modified to conform with this opinion, and to that end the cause is remanded to the Chancery Court. The complainants will pay the costs.

All concur.

## On Petition to Rehear.

■■ Petition to rehear has been filed seeking to have this Court declare now how the property will descend on the death of Keeling in the event that one of the present children or one after-born shall predecease the life tenant.

The defendants seek the declaration, but the other parties agree that such declaration may be made. In preparing its former opinion this Court did not overlook this possibility, but since no child of Keeling has died, the situation is not an actual one and we doubt that the issue is now justiciable. Any declaration by us at the present time can have no greater weight than any other *obiter dictum*.

However, we stated in the former opinion, that the "class doctrine" did not apply for the reasons there stated and under the authorities there cited. It follows that the rule made in *Satterfield* v. *Mayes*, 30 Tenn. 58, does not apply, and that the case is ruled by *Bridgewater* v. *Gordon*, 34 Tenn. 5.

With this elaboration, of our former opinion, petition to rehear is denied.