BRITTON *et al. v.* OLIVER *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

Rehearing denied May 3, 1948.

BENNETT ESLICK, of Pulaski, for appellants.

JOE W. HENRY, JR., of Pulaski, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

The principal question involved in this cause is based upon the construction of a deed from the clerk and master of Giles County, dated April 21, 1915. This deed conveyed "unto the said Sullie Ayers, for the period of her natural life, with remainder over to her children, Grady Ayers and Mary Ayers, and such other child or children as may survive her, equally, and as tenants in common," the tract of land which is the subject matter of this controversy. Later, a third child, Layton Ayers, was born to the life tenant, Mrs. Sullie Ayers.

The Chancellor held that under the provisions of said deed Mrs. Sullie Ayers took a life estate and that her children, Grady Ayers and Mary Ayers, took a vested remainder interest, which opened up to let in any other child or children who might be born to Mrs. Ayers.

The complainants insist that Mrs. Ayers was entitled to a life estate, but that the remainder went to her children as a class. This being the determinative question in this cause, it is not necessary to state the facts and the pleadings in detail.

The defendants insist that the named children, Grady and Mary Ayers, took a vested remainder in the property and that only the *quantum* of their interest was affected by the provision in the deed providing for such other child or children as might survive the life tenant.

We are of the opinion that the Chancellor was correct in holding that the "class doctrine" does not apply because the vesting of the children's estate is not expressly postponed to the happening of an event subsequent to

the death of the grantee. *Satterfield* v. *Mayes*, 30 Tenn. 58; *Saunders* v. *Byron*, 112 Tenn. 472, 79 S. W. 1028.

The fact that the vested rights of the children living at the time of the death of the grantee are subject to be divested, and the estate opened up to admit the rights of after-born children, does not make the "class doctrine" apply. *Bridgewater* v. *Gordon*, 34 Tenn. 5; *Tate* v. *Tate*, 126 Tenn. 169, 148 S. W. 1042; *Keeling* v. *Keeling*, 185 Tenn. 134, 203 S. W. (2d) 601.

In the present cause the instrument names the two children who took a vested interest in the property upon the execution and delivery of the deed, and their interest is not postponed until the death of the life tenant, but is subject to be cut down by the birth of child or children during the existence of the life estate. This being true, the rule laid down in *Satterfield* v. *Mayes, supra*, is not applicable, but this cause is controlled by *Bridgewater* v. *Gordon, supra*, as was recognized in *Keeling* v. *Keeling, supra*.

▪ We are of opinion that the parties had a right to maintain the partition suit in 1930, being vested with a remainder interest, as provided by Williams' Code, sec. 9165 *et seq.*

It results that we find no error in the decree of the Chancellor and it is affirmed.

All concur.