JAMES A. HANKINS et al.

*v.*

VIRGIL MATHEWS et al.

425 S.W.2d 608.

(*Knoxville,* September Term, 1967.)

Opinion filed March 8, 1968.

IVAN T. PRIVETTE, Knoxville, for appellants.

RICHARD STAIR and FRANK L. FLYNN, JR., Knoxville, for appellees.

Mr. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The parties will hereinafter be referred to as they appeared in the trial court; that is, James A. Hankins, et al., complainants, and Virgil Mathews, et al, defendants.

We are asked on this appeal to ascertain the legal consequences of certain provisions contained in the will of one A. A. Hankins. Mr. Hankins died testate on January 31, 1952, leaving a will, the pertinent provisions of which read as follows:

"Second. In the event my wife, Sarah Elizabeth should survive me I give, devise and bequeath to her all of my personal property of every nature, description and wherever located and all of my real estate, particularly such real estate as is described in said

deeds recorded in Deed Book 528, Page 275 and Deed
Book 236, Page 339 and Deed Book 273, Page 440 to
have and to hold during her natural life and at her
death to go to the persons hereinafter described: * * *

"Fourth. I give and bequeath to my nephew, Jim
Grubb, at the death of my wife, Sarah Elizabeth Han-
kins all of my personal property that the said Eliza-
beth Hankins has not used during her life 'if she
survives me' of every nature, description and where-
ever located. I further give and bequeath to my
nephew the following real estate: One tract of land
containing twenty five (25) acres more or less de-
scribed in certain deed of P. H. Stanford and wife,
Sally Stanford being deed dated March 18, 1914, re-
corded in Deed Book 273, Page 440 and a certain tract
of land containing thirty acres more or less described
in a certain deed dated June 17, 1914 from D. M. Rob-
erts and wife, Mary S. Roberts, recorded in Deed Book
236, Page 339. The said Jim Grubb is to keep this
property in his possession ten years before he is able
to sell, mortgage or in any other manner incumber and
dispose of the same, and if he should attempt to do so,
then in this event the said tracts of land shall revert to
the heirs at law of A. A. Hankins."

It appears from the record that the 25 acre tract of
land mentioned above was acquired by the said A.A.
Hankins and wife, Sarah Elizabeth Hankins, between
the period of January 1, 1914, and April 16, 1919, which
is commonly called the "hiatus" period, and was there-
fore owned by them as tenants in common. The other
real estate with which we are concerned was owned out-
right by Mr. A. A. Hankins.

The will of the said Sarah Elizabeth Hankins with reference to her property, including her interest as tenant in common in the aforementioned 25 acre tract, provided as follows:

"After the payment of my just debts, if any, and funeral expenses I will, devise and bequeath all of my property of every kind and character wherever found to JAMES A. GRUBB."

After the death of Sarah Elizabeth Hankins, and within the ten year period thereafter, Jim Grubb executed certain deeds and leases in which he transferred the property in question to the defendants.

The complainants then filed their original bill in the Chancery Court of Knox County, alleging that they are the sole heirs of A. A. Hankins and that by virtue of the attempted transfers from Jim Grubb to the defendants, the property, in accordance with the will of A. A. Hankins, had reverted to them. The complainants prayed that they be declared to be the lawful owners in fee simple of the entire thirty acre tract and of a one-half undivided interest in the twenty-five acre tract; that the twenty-five acre tract be partitioned or sold and the proceeds divided accordingly; that they be awarded certain rents and profits; that all the deeds to the defendants be declared void and removed as a cloud from the complainants' title and that the defendants be perpetually enjoined from setting up any claims with respect to the property.

The defendants demurred to the original bill on the ground that the restrictions placed by the testator on Jim Grubb's right to sell or otherwise encumber this real estate were "absolutely void as an illegal and un-

lawful attempt to restrain the alienation of said property.''

The Chancellor overruled the demurrer and granted the defendants a discretionary appeal to this Court. Accordingly the only assignment of error before this Court is that the Chancellor erred in so doing.

The defendants insist that the testator, having given Jim Grubb a fee simple absolute estate in the property in one portion of his will, cannot subsequently divest said Grubb of important incidents of ownership such as the right to sell, mortgage or otherwise encumber the property. It is argued that these rights are inherent in a fee simple absolute estate in property and an attempt to take them away, even for a limited period, is an attempt to create an estate not recognized by the law.

The complainants insist, however, that the testator was only placing a reasonable restriction on the right of alienation, and that such reasonable restraints are in full accordance with the established law in this State.

After a thorough consideration of the problem we find ourselves inclined to agree with the propositions put forth by the defendants.

In Phillips' Pritchard Law of Wills, Vol. 1, sec. 161, the following statement is found:

''The power of alienation is necessarily incident to every estate in fee, and a condition in a devise of lands in fee simple altogether preventing alienation, is repugnant to the estate and void. No one can create what is in the intendment of the law an estate in fee simple and at the same time deprive the owner of those rights and privileges which the law annexes to it.

Hence, a condition in a devise in fee that the devisee shall make oath that he will not dispose of the estate during his life, is void. So is a condition that land devised to several shall not be divided until the death of certain persons * * *. So are restrictions against sale until one of several devisees shall be twenty-five years old, * * *''

A leading annotation on the problem at hand uses the following language in relating the general rule:

"The doctrine of most jurisdictions, as shown by the numerous cases hereinafter cited, is that where land is granted or devised in fee, a provision of any sort that the taker shall not alienate, or shall not have power to alienate, is void, whether amounting to a mere naked prohibition or direction, or expressed or construed to be a condition, or conjoined with a limitation over in the event of alienation or attempt to alienate.

"It will not do for the grantor to create the highest estate known to the law and then, in the same instrument, say to his grantee that he does not possess the right of disposition." (Citations). Annot. Restraint on Alienation—Validity, 42 A.L.R.2d 1243, 1265.

It is further stated in the above discussion that the reasoning usually assigned for the expressed rule is that the restraint is repugnant to the fee, and is void even though it is meant to last for a period of years.

It should be emphasized before proceeding further that we are herein dealing with a total restriction upon the right of alienation, even though such restriction is only to last for ten years. We are not confronted with a situation similar to that presented in the case of *Overton v.*

*Lea,* 108 Tenn. 505, 68 S.W. 250 (1902). In that case it was provided in the testator's will that property left to the beneficiary was never to come into the possession of the testator's sister or the sister's husband or anyone bearing the name of Kelly. The Supreme Court allowed the provision to stand on the ground that it was not inconsistent with the reasonable enjoyment of the fee. It was emphasized that the result would have been different had the restriction been a total one.

█ The generally accepted rule of law is well stated in a leading work on the subject of real property:

"The fact that a restriction upon the right to alienate a vested estate in fee simple is to endure for a limited time only does not, by the weight of authority, render the restriction valid. But there are dicta and occasional decisions to the effect that a condition or limitation, looking to the divesting of the estate upon the making of a conveyance within a period named is valid, and in one state, Kentucky, the validity of a restriction for a 'reasonable time' is fully recognized." Tiffany on Real Property, 3rd Ed., Vol. 5, sec. 1346.

The complainants strongly insist that even though it be the minority rule, Tennessee law is that a grantor or testator may impose reasonable restraints for period of years where the fee is conveyed or devised. In support of this proposition the case of *Fowlkes v. Wagoner* (Tenn.Ch.App.), 46 S.W. 586 (1898) is cited. In that case the testator gave land to a nephew and then said: "I further direct that he shall not sell or dispose of said land until after he arrives at the age of twenty-five years. * * *" The nephew, Fowlkes, attempted to convey before he reached the age of twenty-five. A bill was filed

by the heirs at law of the testator to recover the land on the theory that it accrued to them upon violation of the clause restraining a sale by their father.

The court went into a detailed discussion of the common law and cited several authorities to the effect that conditions which prohibit the alienation to anyone are repugnant to the estate granted and are void. (The court was referring to a situation where the basic estate created was a fee simple absolute.) Thereafter, the court went into a detailed discussion of the difference between an estate upon a condition subsequent and a conditional limitation. Some statements were made to the effect that since there was no limitation over nor possibility of reverter provided for in the testator's will, that neither of the estates discussed was created and that therefore the restricting clause was only an attempt to control the use of the land and was void.

It is the opinion of this Court, as it has been the opinion of most leading writers on the subject of real property, that the dictum found in the case of *Fowlkes v. Wagoner,* supra, does not stand for the proposition advanced by the complainants. In the case of *Keeling v. Keeling,* 185 Tenn. 134, 203 S.W.2d 601 (1947), Mr. Justice Gailor stated:

"We can find no exception to the rule that conditions subsequent preventing alienation of an estate in fee, even for a limited time, are universally held void as inconsistent with the incidents and nature of the estate devised and contrary to public policy."

Cited as authority for this statement is the case of *Fowlkes v. Wagoner.* There was discussion in that case about absolute restraints being reasonable in some cases.

However, even a casual reading of the opinion reveals that the court was referring to conditions which were attached to equitable estates not greater than life estates. That is not the problem with which we are dealing in the case at bar.

[2, 3] In *Andrews v. Hall*, 156 Neb. 817, 58 N.W.2d 201 (1953), the Supreme Court of Nebraska discusses estates subject to conditions in language which we consider adequate. It is there stated:

"We do not say that a testator may not create a vested fee simple estate subject to a condition subsequent, or a determinable or defeasible fee. What we do say is that a restriction against alienation of a vested fee simple estate is not any one of these, nor, since it is void, can it be used as the sole basis for the creation of any of these estates."

In our research we have found that the courts of practically all jurisdictions are in accord with the opinions expressed herein.

For the reasons discussed herein, we hold that the demurrer should be sustained and the case dismissed.